ROBERT H. ROTSTEIN (SBN 72452), rxr@msk.com
EMILY F. EVITT (SBN 261491), efe@msk.com
JAMES BERKLEY (SBN 347919), jdb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
Netflix, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WHYTE MONKEE PRODUCTIONS, LLC, and TIMOTHY SEPI,<br><br>         Plaintiffs,<br><br>    v.<br><br>NETFLIX, INC.<br><br>         Defendant. | CASE NO. 5:23-cv-03438<br><br>**NOTICE OF REMOVAL**<br><br>**(Removed from Santa Clara Superior Court Case No. 23CV413161)**<br><br>**(Diversity Jurisdiction 28 U.S.C. §§ 1332(a), 1446)**<br><br>**(Federal Question Jurisdiction 28 U.S.C. §§ 1331, 1441)**<br><br>[*Declarations of James Berkley and Haley Ly filed concurrently herewith*] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Netflix, Inc. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. Section 1332(a), (granting district courts original jurisdiction over all civil actions between persons of diverse citizenship), and 28 U.S.C. §§ 1331 and 1338 (granting the district courts original jurisdiction over all civil actions arising under federal law); and under 28 U.S.C. §1446. Defendant's removal of this action is proper for the reasons set forth below:

## BACKGROUND

1. On March 17, 2023, Plaintiffs Whyte Monkee Productions, LLC and Timothy Sepi filed a Complaint in the Superior Court of California for the County of Santa Clara, titled *Whyte Monkee Productions LLC and Timothy Sepi v. Netflix, Inc.*, Case No. 23CV413161 (the "California Action"). This Notice of Removal incorporates by reference the allegations of the Complaint in the California Action without necessarily admitting any of these allegations. In compliance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a copy of the Complaint, as filed, which constitutes the entirety of the record in the California Action.

2. The Complaint asserts eleven (11) causes of action for alleged infringement of copyright, and related violations of moral rights, under the laws of eleven different countries, in connection with the "streaming series" *Tiger King: Murder, Mayhem, and Madness* (the "Documentary").

3. The Complaint names only Netflix, Inc. as defendant in the California Action. Netflix, Inc. is, and was at the time of the filing of the Complaint, incorporated in the State of Delaware and maintains its corporate headquarters and principal place of business in Los Gatos, California.

4. As of July 10, 2023, the date on which this Notice of Removal was filed, service on Netflix, Inc. has not been completed in the California Action.

5. On or about September 14, 2020, Plaintiffs in the California Action filed a Complaint for copyright infringement pertaining to the Documentary in the U.S. District Court for Western District of Oklahoma, titled at that time *Whyte Monkee Productions, LLC and Netflix, Inc.*, Case No. 5:20-cv-00933-D (the "W.D. Oklahoma Action"). The last operative complaint in the W.D. Oklahoma Action, the second amended complaint, was filed on December 13, 2021. *See* Declaration of James Berkley ("Berkley Declaration"), ¶¶ 2-3 & Ex. 1. Netflix Inc. ultimately was one of two defendants in the W.D. Oklahoma Action.

6. The District Court granted summary judgment in favor of Defendants in the W.D. Oklahoma Action on or about April 27, 2022, and awarded attorney's fees to Defendants on or about September 30, 2022 and costs to Defendants on or about November 14, 2022. Berkley Decl., ¶ 4. The case is currently on appeal before the United States Court of Appeals for the Tenth Circuit. *Id.*

7. As explained in further detail below, the Court has jurisdiction of this matter under 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiffs and Defendant and the amount in controversy exceeds $75,000. In addition, Plaintiffs' claims are impliedly preempted and present a federal question under 28 U.S.C. §§ 1331 and 1338 because they raise threshold questions under the U.S. Copyright Act, 17 U.S.C. § 101 *et seq.*, and obstruct Congress's role in regulating foreign affairs as to international copyright law.

## DIVERSITY OF CITIZENSHIP

8. **Citizenship of Plaintiffs**. As asserted in the W.D. Oklahoma Action, Plaintiff Timothy Sepi is an individual residing in the State of Virginia, and alleges himself to be the sole member and owner of Plaintiff Whyte Monkee Productions LLC, an Oklahoma-registered limited liability company. *See* Berkley Decl., Ex. 1 at ¶¶ 4-5, 12. *See also* Complaint at ¶8 (Plaintiff Sepi "controls" the Whyte Monkee entity); Berkley Decl., ¶ 6 & Ex. 3. "For purposes of diversity jurisdiction, a limited liability company 'is a citizen of every state of which its owners/members are citizens.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Hence both Plaintiffs are citizens of the State of Virginia.

Mitchell Silberberg & Knupp LLP

3
NOTICE OF REMOVAL

9. **Citizenship of Defendant.** As stated above, Netflix, Inc. is incorporated in the State of Delaware and maintains its corporate headquarters in Los Gatos, California. *See* Berkley Decl., Ex. 1 at ¶ 6; Declaration of Haley Ly, ¶¶ 2-3. "For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (*citing* 28 U.S.C. § 1332(c)).

10. **Non-Applicability of Forum Defendant Rule.** Under 28 U.S.C. § 1441(b)(2), a defendant who is a citizen of a forum state may not remove if the defendant has been "properly joined and served." Here, no service on Netflix, Inc. has been completed. Therefore, Defendant has not been properly joined and served.

"[T]his Court and other courts in this district have held that "a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." *Glob. Indus. Inv. Ltd. v. Chung*, 2020 WL 2027374, at *2 (N.D. Cal. Apr. 28, 2020) (citing *Monfort v. Adomani, Inc.*, 2019 WL 131842, at *3 (N.D. Cal. Jan. 8, 2019) and *Loewen v. McDonnell*, 2019 WL 2364413, at *7 (N.D. Cal. June 5, 2019)). *See also Lowen*, 2019 WL 2364413 at *7 ("[T]he Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim."); *see also, e.g., Hong Kong Cont'l Trade Co. Ltd. v. Nat. Balance Pet Foods, Inc.*, 2023 WL 2664246, at *3-4 (C.D. Cal. Mar. 28, 2023) (allowing "snap" removal: "Permitting snap removal is neither absurd nor in conflict with the intent of Congress.").

## AMOUNT IN CONTROVERSY

11. The alleged amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Defendant denies all liability and denies that Plaintiffs may properly state a claim, let alone under the copyright laws of eleven foreign countries (Australia, Great Britain, Canada, France, Germany, Italy, Japan, South Korea, Mexico, New Zealand, and Spain). Plaintiffs nonetheless allege entitlement to, *inter alia*, "loss of profits," "infringer's profits," "reasonable royalties," and "attorney's fees" with respect to claims involving eight separate videos

that they purport to own, whose copyrights they purport were infringed by the Defendant's alleged delivery of the Documentary to viewers in all eleven of those nations.  *See* Complaint ¶¶ 24, 32, 39, 47, 55, 63, 71, 79, 87, 95, 103.  Additionally, Plaintiffs seek nonmonetary relief, including "measures to restore artistic integrity" and "attribution."  *See id.*  Plaintiffs assert Mr. Sepi "controls" Plaintiff Whyte Monkee, and claim infringement collectively, without distinguishing the particular owner(s) of any video.  *See, e.g.,* Complaint at ¶¶ 8, 21, 29, 37, 44, 52, 60, 68, 76, 84, 92, 100.  Together, Plaintiffs seek an aggregate of 88 total awards for the alleged (but wholly denied) acts of international copyright infringement.  Even if each of these awards sought by Plaintiffs amounted only to $1,000, the amount in controversy would still well exceed the requirement for jurisdictional diversity.

12. "When the amount [in controversy] is not 'facially apparent' from the complaint, 'the court may consider facts in the removal petition.'"  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir.1997)).  In the W.D. Oklahoma Action, Plaintiffs alleged that "the Tiger King documentary miniseries … was reportedly watched by over 34 million viewers in the U.S. during the first 10 days," and resulted in "exponentially" increased attention on its subject matter.  Berkley Decl., Ex. 1 at ¶¶ 9, 17.

**ALTERNATIVE BASIS: PREEMPTION AND FEDERAL QUESTION JURISDICTION**

13. Plaintiffs' Complaint asks a ***state court*** to adjudicate international copyright claims for works created ***in the United States*** subject to United States copyright law, in connection with a documentary series created in the United States, secondary to an action already commenced (and concluded) in the U.S. District Court.  *See* Complaint at ¶¶ 7-8, 13; Berkley Decl., ¶¶ 2-4 & Ex. 1.

14. An action "'arises under' the Copyright Act" if the complaint "***asserts a claim requiring construction of the Act***," and also may, in certain instances, so arise "where a distinctive policy of the Act requires that federal principles control the disposition of the claim."  *Scholastic Entertainment v. Fox Entertainment GRP*, 336 F. 3d 982, 986 (9th Cir. 2003) (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir.1964)) (emphasis added).  At a minimum – and even to the extent that Plaintiffs' claims are not otherwise barred in ***any*** U.S. court (or preempted

in any state court) – the Complaint poses threshold questions of U.S. copyright law, including but not limited to the works' creation and their ownership. Such questions raise obvious questions of federal law and give rise to federal question jurisdiction.

15. Moreover, the Complaint seeks to intervene in an area delicately balanced by the U.S. Congress and by international diplomacy. The United States' role in international copyright law is governed by the numerous treaties and conventions of which the U.S. is a member. Those treaties establish certain reciprocal rights on a basis established by Congress and are supervised by the federal government. In preparing for what became the Berne Convention Implementation Act of 1988, it was thus stated that, "It should be absolutely clear that all copyright rights available in courts in the United States must be found exclusively within the provisions of title 17." 133 Cong. Rec. H1293, H1295 (Daily Ed. March 16, 1987) (statement of Rep. Kastenmeier). Moreover, the Berne Convention Implementation Act of 1988 strictly limited the applicability of moral rights in the United States – and the Complaint purports to allege violations of moral rights. *See, e.g., Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.,* 52 F.4th 1054, 1078 (9th Cir. 2022), *cert. denied*, 2023 WL 3801702 (June 5, 2023) ("Because copyright law has international implications, the Berne Convention was an international accord that set the standards governing international copyright relations.") (*citing Golan v. Holder,* 565 U.S. 302, 306, 132 S.Ct. 873, 181 L.Ed.2d 835 (2012)); *Carter v. Helmsley-Spear, Inc.,* 71 F. 3d 77, 82-83 (2d Cir. 1995). Federal question jurisdiction may be found when a resolution of claims in a complaint "requires either determinations that directly and significantly affect foreign relations or determinations of the law of international relations." *Hyatt Corp. v. Stanton*, 945 F. Supp. 675, 691 (S.D.N.Y. 1996). Here, a complaint that would turn an American state court into a clearing house of international copyright law raises just such issues.

## **ABSENCE OF BASES TO REJECT OR DECLINE JURISDICTION**

16. As noted above, there are no bases for this Court to reject or decline jurisdiction, as set out 28 U.S.C. § 1441(b)(2).

## VENUE

17. Venue properly lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). The California Action was originally brought in the Superior Court of the State of California, County of Santa Clara, which is embraced by the Northern District of California.

## SERVICE OF THIS NOTICE

18. This Notice of Removal shall be served promptly on Plaintiffs and filed with the Clerk of the Superior Court of the State of California in and for the County of Santa Clara.

19. WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.

DATED: July 10, 2023                    RESPECTFULLY SUBMITTED,

ROBERT H. ROTSTEIN
EMILY F. EVITT
JAMES D. BERKLEY
MITCHELL SILBERBERG & KNUPP LLP


By: */s/ Emily F. Evitt*
    Emily F. Evitt
    Attorneys Defendant for Netflix, Inc.