# EXHIBIT A

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Ryan Hamilton, HAMILTON LAW LLC, SBN 291349<br>5125 S. Durango, Suite C, Las Vegas, NV 89113 | *FOR COURT USE ONLY* |

TELEPHONE NO.: (702) 818-1818   FAX NO. *(Optional)*:
E-MAIL ADDRESS: Ryan@HamLegal.com
ATTORNEY FOR *(Name)*: Whyte Monkee Productions LLC; Timothy Sepi

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior Court - Civil Division

CASE NAME:
Whyte Monkee Productions LLC v. Netflix, Inc.

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/17/2023 10:31 PM
Reviewed By: P. Newton
Case #23CV413161
Envelope: 11474480**

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 23CV413161 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)    [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[x] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: 22 (infringement / violation of moral rights and of econmoic rights in at least 11 countries)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 17, 2023

Ryan Hamilton
*(TYPE OR PRINT NAME)*

▶ /s/Ryan A. Hamilton
*(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

E-FILED
3/17/2023 10:31 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV413161
Reviewed By: P. Newton
Envelope: 11474480

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Netflix, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Whyte Monkee Productions LLC, Timothy Sepi

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Downtown Superior Court (DTS)

191 N. First Street, San Jose, CA 95113

| | |
|---|---|
| CASE NUMBER:<br>*(Número del Caso):* | 23CV413161 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ryan A. Hamilton, 5125 S. Durango Drive, Suite C, Las Vegas, NV 89113

DATE: 03/17/2023
*(Fecha)* 3/17/2023 10:31 PM   Clerk of Court       Clerk, by   P. Newton       , Deputy
                                               *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Netflix, Inc.

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

E-FILED
3/17/2023 10:31 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV413161
Reviewed By: P. Newton

Ryan Hamilton (SBN 291349)
HAMILTON LAW LLC
5125 South Durango, Suite C
Las Vegas, Nevada 89113
(702) 818-1818
Ryan@HamLegal.com

Andrew Grimm (*pro hac vice* forthcoming)
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
Andrew@DigitalJusticeFoundation.org

Phillip Free, Jr. (*pro hac vice* forthcoming)
PHILLIP FREE LAW, PLLC
1300 E. 9th Street, Suite 8
Edmond, Oklahoma 73034
(405) 446-8811
Phil.Free@OKCIPLaw.com

*Attorneys for Plaintiffs*

# IN THE SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

### CIVIL DIVISION

| | |
|---|---|
| WHYTE MONKEE PRODUCTIONS LLC, TIMOTHY SEPI, | 23CV413161 |
| | Case No.: |
| *Plaintiffs*, | **Complaint for Infringement of Foreign Copyrights** |
| v. | |
| NETFLIX INC., | **[Jury Trial Demanded]** |
| *Defendant*. | |

# TABLE OF CONTENTS

I.    NATURE OF THE CASE ................................................................................ - 3 -

II.   PARTIES ..................................................................................................... - 3 -

III.  JURISDICTION & VENUE ........................................................................... - 4 -

IV.   STATEMENT OF FACTS ............................................................................. - 4 -

    A.    PLAINTIFFS CREATE THE RELEVANT CINEMATOGRAPHIC WORKS. ................................... - 4 -

    B.    NETFLIX INC. MADE UNAUTHORIZED DERIVATIVES OF THESE CINEMATOGRAPHIC
          WORKS IN THE UNITED STATES. ..................................................................... - 5 -

    C.    NETFLIX MADE UNAUTHORIZED PUBLIC DISPLAYS OF THESE UNAUTHORIZED
          DERIVATIVES IN MANY COUNTRIES. ................................................................. - 6 -

V.    CAUSES OF ACTION ................................................................................. - 6 -

    A.    AUSTRALIAN CAUSES OF ACTION ................................................................... - 6 -

    B.    BRITISH CAUSES OF ACTION ......................................................................... - 7 -

    C.    CANADIAN CAUSES OF ACTION ...................................................................... - 8 -

    D.    FRENCH CAUSES OF ACTION .......................................................................... - 9 -

    E.    GERMAN CAUSES OF ACTION ....................................................................... - 10 -

    F.    ITALIAN CAUSES OF ACTION ........................................................................ - 12 -

    G.    JAPANESE CAUSES OF ACTION ...................................................................... - 13 -

    H.    KOREAN CAUSES OF ACTION ....................................................................... - 14 -

    I.    MEXICAN CAUSES OF ACTION ...................................................................... - 15 -

    J.    NEW ZEALAND CAUSES OF ACTION ............................................................... - 16 -

    K.    SPANISH CAUSES OF ACTION ....................................................................... - 17 -

Plaintiffs Whyte Monkee Productions LLC and Mr. Timothy Sepi (collectively "Plaintiffs"), through counsel, hereby assert and allege the following causes of action and complaint against Defendant Netflix, Inc., and pray for the relief requested herein:

## I.   NATURE OF THE CASE

1. This is an action for the unauthorized use of Plaintiffs' copyright-protected cinematographic works *outside* the United States, *i.e.*, unauthorized public displays of unauthorized derivative works beyond the geographic territory of the United States itself.  Defendant Netflix, Inc., collaborated with a film-production company Royal Goode Productions LLC, a film-production company, in the creation of an unauthorized cuts of Plaintiffs' copyright-protected video clips without authorization inside the United States (an act not at issue in this case because it occurred in the United States) and then proceed to make unauthorized publicly display these unauthorized derivative cuts of Plaintiffs' works in various countries throughout the world without authorization, without attribution, without compensation to Plaintiffs, the lawful rightsholders.

2. Accordingly, claims are herein brought for copyright infringements occurring outside the United States of the distinct copyrights and intellectual-property rights held by Plaintiffs under the laws of Australia, Great Britain, Canada, France, Germany, Italy, Japan, Korea, Mexico, New Zealand, and Spain—each of which is a separate cause of action involving separate claims arising from infringement of a distinct piece of intellectual property / copyright and giving rise to distinct remedies, all of which arose outside the U.S. but involve infringements of U.S. citizens' works by a U.S.-based company.

## II.   PARTIES

3. **Plaintiffs.**  Plaintiff Whyte Monkee Productions LLC is an Oklahoma-registered limited liability company.  Plaintiff Timothy Sepi is a natural person.

4. **Defendant.**  Defendant Netflix, Inc., ("Netflix") is, on information and belief, a corporate entity domiciled, headquartered, and at-home in the County of Santa Clara within the State of California.

### III. JURISDICTION & VENUE

5. **Jurisdiction.** This Court has both subject-matter jurisdiction over the claims asserted herein and general all-purpose personal jurisdiction over Defendant Netflix, Inc. <u>See</u> Cal. Civ. Proc. Code § 410.10. Netflix maintains its principal place of business and headquarters in Los Gatos, California. <u>See</u> <u>id.</u>

6. **Venue.** Netflix's principal office is in Los Gatos, California, in Santa Clara County and, on information and belief, substantially all of the tortious acts occurred there. Thus, this Court is a proper venue. <u>See</u> Cal. Civ. Proc. Code § 395.

### IV. STATEMENT OF FACTS

**A. PLAINTIFFS CREATE THE RELEVANT CINEMATOGRAPHIC WORKS.**

7. Mr. Sepi is a creative professional with experience in nearly all aspects of making cinematographic works. He has experience as a photographer, videographer, filmographer, cinematographer, director, film producer, and video editor, sound editor, *etc.*, as has been involved in the production of podcasts, short films, *etc.*

8. Within the last decade, Mr. Sepi created a number of cinematographic works either on his own or under the auspices of a separate film-production company that he controls, called Whyte Monkee Productions. For each of these films, Mr. Sepi personally created the video by holding the camera, by choosing and selecting the camera angles, by selecting when he would record and when he wouldn't, by arranging for the production, by editing the resulting raw footage into a video, and by adding copyright management information regarding the film footage to the videos in certain instances.

9. These copyrighted videos include the following:

   a. A cinematographic work entitled "Joe Exotic Country Music 'Here Kitty Kitty'"

   b. A cinematographic work entitled "Country Music Artist Joe Exotic – Bring It On (Please Unite)"

   c. A cinematographic work entitled "Joe Exotic TV – TORNADO ON THE GROUND"

   d. A cinematographic work entitled Joe – Presidential PSA"

e.  A cinematographic work entitled "Disrespectful Tomato Thrower  Trouble"

f.  A cinematographic work entitled "Joe Getting Dragged by Lion"

g.  A cinematographic work entitled "Mobile Trailer Inspection For Volunteers"

h.  A cinematographic work entitled "Travis MM Funeral Ceremony"

10. Each of these works was fixed into a non-transient form, held on a computer hard drive or similar form of file-storage material by Mr. Sepi.  A number of them included authorship designations indicating that Whyte Monkee Productions LLC was the author of the respective cinematographic works.

**B.  NETFLIX INC. MADE UNAUTHORIZED DERIVATIVES OF THESE CINEMATOGRAPHIC WORKS IN THE UNITED STATES.**

11. Working with Royal Goode Productions, Netflix produced cuts of these works which it then intended to use commercially for inclusion in its unscripted reality steaming series called Tiger King: Murder, Mayhem, and Madness.

12. Netflix and Royal Goode acting jointly obtained hard drives containing Plaintiffs' copyrighted works, downloaded them off the hard drives, further edited these materials without Plaintiffs' authorization, and fashioned new unauthorized derivative works made entirely out of Plaintiffs' works.  Then, these derivative works were then included in Netflix's Tiger King unscripted series.  No attribution was given to Plaintiffs in this series, either where the unauthorized derivatives were included or at the end in the ending credits that list the material contributors to the film.

13. Although the creation of these unauthorized derivative works is given for background, context, and proof of actual copying, the creation of these unauthorized derivatives is presently believed to have occurred within the United States and, to the extent that these acts or any acts occurred in the United States, they are not the basis of liability.  Instead, the acts which give rise to liability occurred in foreign nations and countries when Netflix then displayed these unauthorized materials publicly through its online streaming platform without authorization, without compensation, without attribution, and without

**C. NETFLIX MADE UNAUTHORIZED PUBLIC DISPLAYS OF THESE UNAUTHORIZED DERIVATIVES IN MANY COUNTRIES.**

14. Netflix proceeded to post the unauthorized derivative works to its streaming platform where it, on information and belief, proceeded to publicly perform, publicly display, and publicly distribute these unauthorized derivatives all without Plaintiffs' derivatives.  Netflix's U.S. activities are not at issue in this lawsuit, but its displays, performances, and distributions of these works in all other nations and countries across the globe are at issue in this lawsuit and are raised against Netflix.

15. Netflix made unauthorized displays, distributions, and performances to the public in, on information and belief, the following countries: Australia, Great Britain, Canada, France, Germany, Italy, Japan, Korea,[1] New Zealand, and Spain.  Plaintiffs expect through discovery to identify the precise scope of Netflix's infringing displays, distributions, and performances to the public in every country outside the United States and expressly reserve, upon receiving discovery and identify what nations received unauthorized infringements.  The entire globe, other than the United States territory, is herein asserted, alleged, preserved, *etc.*, to be determined through discovery.

## V.  CAUSES OF ACTION

16. Plaintiffs Whyte Monkee Productions LLC and Timothy Sepi, hereby assert and alleges the following causes of action against Defendant Netflix, Inc.:

**A. AUSTRALIAN CAUSES OF ACTION**

17. *Reassertion of Allegations*: Plaintiffs hereby repeat and reallege all paragraph alleges above, incorporate them herein for reference, and reassert any qualifications on the geographic scope of the infringing actions asserted.  Specifically, on information and belief, Defendant Netflix, Inc., made unauthorized public performances, displays, and distributions of unauthorized derivatives of Plaintiffs' works in Australia without compensation, without attribution, and, again, without authorization.

---

[1] All references to Korea herein are to the Republic of Korea, *i.e.*, South Korea.

18. *Protection Under Domestic Law*:  Australian copyright law protects Plaintiffs' works under its copyright laws as though they were works made by an Australian national.

19. *Cinematographic Works*: Plaintiffs' works are protected under Australian law as cinematographic copyrighted works or the like.

20. *Term of Protection*:  Plaintiffs' works are within the term of protection provided by Australian copyright law.

21. *Copyright Authorship*: Plaintiffs are the legal authors of their copyrighted cinematographic works and, as the legal authors, hold the exclusive rights their copyrighted cinematographic works, which they have not transferred to persons other than to each other (*i.e.*, Whyte Monkee Productions LLC to Mr. Sepi or vice versa).

22. *Moral-Right Infringement* : Defendant Netflix violated and infringed Plaintiffs' Australian moral rights in their works.

23. *Economic-Rights Infringement*: Defendant Netflix violated and infringed Plaintiffs' Australian copyrights (their economic rights) in their works.

24. *Prayer for Relief / Remedies Sought*:  All available remedies and relief available under Australian copyright law (except for relief not available in this tribunal).  Of the relief available, Plaintiffs' prayer for relief includes but is not limited to the following: (1) loss of profits, (2) infringer's profits, (3) reasonable royalties, (4) measures to restore artistic integrity, (5) attribution, (6) declaratory relief, (7) attorney's fees, (8) costs, and where an election of remedies is required, all options are expressly reserved and no option is taken at this time unless necessary at the time of filing, in which case infringer's profits is elected.

## B. BRITISH CAUSES OF ACTION

25. *Reassertion of Allegations*: Plaintiffs hereby repeat and reallege all paragraph alleges above, incorporate them herein for reference, and reassert any qualifications on the geographic scope of the infringing actions asserted.  Specifically, on information and belief, Defendant Netflix, Inc., made unauthorized public performances, displays, and distributions of unauthorized derivatives of Plaintiffs' works in Great Britain without compensation, without attribution, and, again, without authorization.

26. *Protection Under Domestic Law*:  British copyright law protects Plaintiffs' works under its copyright laws as though they were works made by a British national.

27. *Cinematographic Works*: Plaintiffs' works are protected under British law as cinematographic copyrighted works or the like.

28. *Term of Protection*:  Plaintiffs' works are within the term of protection provided by British copyright law.

29. *Copyright Authorship*: Plaintiffs are the legal authors of their copyrighted cinematographic works and, as the legal authors, hold the exclusive rights their copyrighted cinematographic works, which they have not transferred to persons other than to each other (*i.e.*, Whyte Monkee Productions LLC to Mr. Sepi or vice versa).

30. *Moral-Right Infringement* : Defendant Netflix violated and infringed Plaintiffs' British moral rights in their works.

31. *Economic-Rights Infringement*: Defendant Netflix violated and infringed Plaintiffs' British copyrights (their economic rights) in their works.

32. *Prayer for Relief / Remedies Sought*:  All available remedies and relief available under British copyright law (except for relief not available in this tribunal).   Of the relief available, Plaintiffs' prayer for relief includes but is not limited to the following: (1) loss of profits, (2) infringer's profits, (3) reasonable royalties, (4) measures to restore artistic integrity, (5) attribution, (6) declaratory relief, (7) attorney's fees, (8) costs, and where an election of remedies is required, all options are expressly reserved and no option is taken at this time unless necessary at the time of filing, in which case infringer's profits is elected.

## C. CANADIAN CAUSES OF ACTION

33. *Reassertion of Allegations*: Plaintiffs hereby repeat and reallege all paragraph alleges above, incorporate them herein for reference, and reassert any qualifications on the geographic scope of the infringing actions asserted.  Specifically, on information and belief, Defendant Netflix, Inc., made unauthorized public performances, displays, and distributions of unauthorized

derivatives of Plaintiffs' works in Canada without compensation, without attribution, and, again, without authorization.

34. *Protection Under Domestic Law*:  Canadian copyright law protects Plaintiffs' works under its copyright laws as though they were works made by a Canadian national.

35. *Cinematographic Works*:  Plaintiffs' works are protected under Canadian law as cinematographic copyrighted works or the like.

36. *Term of Protection*:  Plaintiffs' works are within the term of protection provided by Canadian copyright law.

37. *Copyright Authorship*: Plaintiffs are the legal authors of their copyrighted cinematographic works and, as the legal authors, hold the exclusive rights their copyrighted cinematographic works, which they have not transferred to persons other than to each other (*i.e.*, Whyte Monkee Productions LLC to Mr. Sepi or vice versa).

38. *Moral-Right Infringement* :  Defendant Netflix violated and infringed Plaintiffs' Canadian moral rights in their works.

39. *Economic-Rights Infringement*: Defendant Netflix violated and infringed Plaintiffs' Canadian copyrights (their economic rights) in their works.

*Prayer for Relief / Remedies Sought*:   All available remedies and relief available under Canadian copyright law (except for relief not available in this tribunal).  Of the relief available, Plaintiffs' prayer for relief includes but is not limited to the following: (1) loss of profits, (2) infringer's profits, (3) reasonable royalties, (4) measures to restore artistic integrity, (5) attribution, (6) declaratory relief, (7) attorney's fees, (8) costs, and where an election of remedies is required, all options are expressly reserved and no option is taken at this time unless necessary at the time of filing, in which case infringer's profits is elected.

## D. FRENCH CAUSES OF ACTION

40. *Reassertion of Allegations*: Plaintiffs hereby repeat and reallege all paragraph alleges above, incorporate them herein for reference, and reassert any qualifications on the geographic scope of the infringing actions asserted.  Specifically, on information and belief, Defendant Netflix,

Inc., made unauthorized public performances, displays, and distributions of unauthorized derivatives of Plaintiffs' works in France without compensation, without attribution, and, again, without authorization.

41. *Protection Under Domestic Law*:  French copyright law protects Plaintiffs' works under its copyright laws as though they were works made by a French national.

42. *Cinematographic Works*: Plaintiffs' works are protected under French law as cinematographic copyrighted works or the like.

43. *Term of Protection*:  Plaintiffs' works are within the term of protection provided by French copyright law.

44. *Copyright Authorship*: Plaintiffs are the legal authors of their copyrighted cinematographic works and, as the legal authors, hold the exclusive rights their copyrighted cinematographic works, which they have not transferred to persons other than to each other (*i.e.*, Whyte Monkee Productions LLC to Mr. Sepi or vice versa).

45. *Moral-Right Infringement* : Defendant Netflix violated and infringed Plaintiffs' French moral rights in their works.

46. *Economic-Rights Infringement*: Defendant Netflix violated and infringed Plaintiffs' French copyrights (their economic rights) in their works.

47. *Prayer for Relief / Remedies Sought*:  All available remedies and relief available under French copyright law (except for relief not available in this tribunal).   Of the relief available, Plaintiffs' prayer for relief includes but is not limited to the following: (1) loss of profits, (2) infringer's profits, (3) reasonable royalties, (4) measures to restore artistic integrity, (5) attribution, (6) declaratory relief, (7) attorney's fees, (8) costs, and where an election of remedies is required, all options are expressly reserved and no option is taken at this time unless necessary at the time of filing, in which case infringer's profits is elected.

**E.  GERMAN CAUSES OF ACTION**

48. *Reassertion of Allegations*: Plaintiffs hereby repeat and reallege all paragraph alleges above, incorporate them herein for reference, and reassert any qualifications on the geographic scope

of the infringing actions asserted.  Specifically, on information and belief, Defendant Netflix, Inc., made unauthorized public performances, displays, and distributions of unauthorized derivatives of Plaintiffs' works in Germany without compensation, without attribution, and, again, without authorization.

49. *Protection Under Domestic Law*:  German copyright law protects Plaintiffs' works under its copyright laws as though they were works made by a German national.

50. *Cinematographic Works*:  Plaintiffs' works are protected under German law as cinematographic copyrighted works or the like.

51. *Term of Protection*:  Plaintiffs' works are within the term of protection provided by German copyright law.

52. *Copyright Authorship*: Plaintiffs are the legal authors of their copyrighted cinematographic works and, as the legal authors, hold the exclusive rights their copyrighted cinematographic works, which they have not transferred to persons other than to each other (*i.e.*, Whyte Monkee Productions LLC to Mr. Sepi or vice versa).

53. *Moral-Right Infringement* : Defendant Netflix violated and infringed Plaintiffs' German moral rights in their works.

54. *Economic-Rights Infringement*: Defendant Netflix violated and infringed Plaintiffs' German copyrights (their economic rights) in their works.

55. *Prayer for Relief / Remedies Sought*:  All available remedies and relief available under German copyright law (except for relief not available in this tribunal).  Of the relief available, Plaintiffs' prayer for relief includes but is not limited to the following: (1) loss of profits, (2) infringer's profits, (3) reasonable royalties, (4) measures to restore artistic integrity, (5) attribution, (6) declaratory relief, (7) attorney's fees, (8) costs, and where an election of remedies is required, all options are expressly reserved and no option is taken at this time unless necessary at the time of filing, in which case infringer's profits is elected.

## F. ITALIAN CAUSES OF ACTION

56. _Reassertion of Allegations_: Plaintiffs hereby repeat and reallege all paragraph alleges above, incorporate them herein for reference, and reassert any qualifications on the geographic scope of the infringing actions asserted.  Specifically, on information and belief, Defendant Netflix, Inc., made unauthorized public performances, displays, and distributions of unauthorized derivatives of Plaintiffs' works in Italy without compensation, without attribution, and, again, without authorization.

57. _Protection Under Domestic Law_:  Italian copyright law protects Plaintiffs' works under its copyright laws as though they were works made by an British national.

58. _Cinematographic Works_: Plaintiffs' works are protected under Italian law as cinematographic copyrighted works or the like.

59. _Term of Protection_:  Plaintiffs' works are within the term of protection provided by Italian copyright law.

60. _Copyright Authorship_: Plaintiffs are the legal authors of their copyrighted cinematographic works and, as the legal authors, hold the exclusive rights their copyrighted cinematographic works, which they have not transferred to persons other than to each other (_i.e._, Whyte Monkee Productions LLC to Mr. Sepi or vice versa).

61. _Moral-Right Infringement_ : Defendant Netflix violated and infringed Plaintiffs' Italian moral rights in their works.

62. _Economic-Rights Infringement_: Defendant Netflix violated and infringed Plaintiffs' Italian copyrights (their economic rights) in their works.

63. _Prayer for Relief / Remedies Sought_:  All available remedies and relief available under Italian copyright law (except for relief not available in this tribunal).  Of the relief available, Plaintiffs' prayer for relief includes but is not limited to the following: (1) loss of profits, (2) infringer's profits, (3) reasonable royalties, (4) measures to restore artistic integrity, (5) attribution, (6) declaratory relief, (7) attorney's fees, (8) costs, and where an election of remedies is required, all options are expressly reserved and no option is taken at this time unless necessary at the time of filing, in which case infringer's profits is elected.

## G. Japanese Causes of Action

64. _Reassertion of Allegations_: Plaintiffs hereby repeat and reallege all paragraph alleges above, incorporate them herein for reference, and reassert any qualifications on the geographic scope of the infringing actions asserted.  Specifically, on information and belief, Defendant Netflix, Inc., made unauthorized public performances, displays, and distributions of unauthorized derivatives of Plaintiffs' works in Japan without compensation, without attribution, and, again, without authorization.

65. _Protection Under Domestic Law_:  Japanese copyright law protects Plaintiffs' works under its copyright laws as though they were works made by a Japanese national.

66. _Cinematographic Works_:  Plaintiffs' works are protected under Japanese law as cinematographic copyrighted works or the like.

67. _Term of Protection_:  Plaintiffs' works are within the term of protection provided by Japanese copyright law.

68. _Copyright Authorship_: Plaintiffs are the legal authors of their copyrighted cinematographic works and, as the legal authors, hold the exclusive rights their copyrighted cinematographic works, which they have not transferred to persons other than to each other (_i.e._, Whyte Monkee Productions LLC to Mr. Sepi or vice versa).

69. _Moral-Right Infringement_ : Defendant Netflix violated and infringed Plaintiffs' Japanese moral rights in their works.

70. _Economic-Rights Infringement_: Defendant Netflix violated and infringed Plaintiffs' Japanese copyrights (their economic rights) in their works.

71. _Prayer for Relief / Remedies Sought_:  All available remedies and relief available under Japanese copyright law (except for relief not available in this tribunal).  Of the relief available, Plaintiffs' prayer for relief includes but is not limited to the following: (1) loss of profits, (2) infringer's profits, (3) reasonable royalties, (4) measures to restore artistic integrity, (5) attribution, (6) declaratory relief, (7) attorney's fees, (8) costs, and where an election of remedies is required, all options are expressly reserved and no option is taken at this time unless necessary at the time of filing, in which case infringer's profits is elected.

## H. KOREAN CAUSES OF ACTION

72. *Reassertion of Allegations*: Plaintiffs hereby repeat and reallege all paragraph alleges above, incorporate them herein for reference, and reassert any qualifications on the geographic scope of the infringing actions asserted.  Specifically, on information and belief, Defendant Netflix, Inc., made unauthorized public performances, displays, and distributions of unauthorized derivatives of Plaintiffs' works in Korea without compensation, without attribution, and, again, without authorization.

73. *Protection Under Domestic Law*:  Korean copyright law protects Plaintiffs' works under its copyright laws as though they were works made by a Korean national.

74. *Cinematographic Works*:  Plaintiffs' works are protected under Korean law as cinematographic copyrighted works or the like.

75. *Term of Protection*:  Plaintiffs' works are within the term of protection provided by Korean copyright law.

76. *Copyright Authorship*: Plaintiffs are the legal authors of their copyrighted cinematographic works and, as the legal authors, hold the exclusive rights their copyrighted cinematographic works, which they have not transferred to persons other than to each other (*i.e.*, Whyte Monkee Productions LLC to Mr. Sepi or vice versa).

77. *Moral-Right Infringement*: Defendant Netflix violated and infringed Plaintiffs' Korean moral rights in their works.

78. *Economic-Rights Infringement*: Defendant Netflix violated and infringed Plaintiffs' Korean copyrights (their economic rights) in their works.

79. *Prayer for Relief / Remedies Sought*:  All available remedies and relief available under Korean copyright law (except for relief not available in this tribunal).  Of the relief available, Plaintiffs' prayer for relief includes but is not limited to the following: (1) loss of profits, (2) infringer's profits, (3) reasonable royalties, (4) measures to restore artistic integrity, (5) attribution, (6) declaratory relief, (7) attorney's fees, (8) costs, and where an election of remedies is required, all options are expressly reserved and no option is taken at this time unless necessary at the time of filing, in which case infringer's profits is elected.

## I. MEXICAN CAUSES OF ACTION

80. *Reassertion of Allegations*: Plaintiffs hereby repeat and reallege all paragraph alleges above, incorporate them herein for reference, and reassert any qualifications on the geographic scope of the infringing actions asserted.  Specifically, on information and belief, Defendant Netflix, Inc., made unauthorized public performances, displays, and distributions of unauthorized derivatives of Plaintiffs' works in Mexico without compensation, without attribution, and, again, without authorization.

81. *Protection Under Domestic Law*:  Mexican copyright law protects Plaintiffs' works under its copyright laws as though they were works made by a Mexican national.

82. *Cinematographic Works*:  Plaintiffs' works are protected under Mexican law as cinematographic copyrighted works or the like.

83. *Term of Protection*:  Plaintiffs' works are within the term of protection provided by Mexican copyright law.

84. *Copyright Authorship*: Plaintiffs are the legal authors of their copyrighted cinematographic works and, as the legal authors, hold the exclusive rights their copyrighted cinematographic works, which they have not transferred to persons other than to each other (*i.e.*, Whyte Monkee Productions LLC to Mr. Sepi or vice versa).

85. *Moral-Right Infringement* :  Defendant Netflix violated and infringed Plaintiffs' Mexican moral rights in their works.

86. *Economic-Rights Infringement*: Defendant Netflix violated and infringed Plaintiffs' Mexican copyrights (their economic rights) in their works.

87. *Prayer for Relief / Remedies Sought*:   All available remedies and relief available under Mexican copyright law (except for relief not available in this tribunal).  Of the relief available, Plaintiffs' prayer for relief includes but is not limited to the following: (1) loss of profits, (2) infringer's profits, (3) reasonable royalties, (4) measures to restore artistic integrity, (5) attribution, (6) declaratory relief, (7) attorney's fees, (8) costs, and where an election of remedies is required, all options are expressly reserved and no option is taken at this time unless necessary at the time of filing, in which case infringer's profits is elected.

## J. NEW ZEALAND CAUSES OF ACTION

88. _Reassertion of Allegations_: Plaintiffs hereby repeat and reallege all paragraph alleges above, incorporate them herein for reference, and reassert any qualifications on the geographic scope of the infringing actions asserted.  Specifically, on information and belief, Defendant Netflix, Inc., made unauthorized public performances, displays, and distributions of unauthorized derivatives of Plaintiffs' works in New Zealand without compensation, without attribution, and, again, without authorization.

89. _Protection Under Domestic Law_:  New Zealand copyright law protects Plaintiffs' works under its copyright laws as though they were works made by a New Zealand national.

90. _Cinematographic Works_: Plaintiffs' works are protected under New Zealand law as cinematographic copyrighted works or the like.

91. _Term of Protection_:  Plaintiffs' works are within the term of protection provided by New Zealand copyright law.

92. _Copyright Authorship_: Plaintiffs are the legal authors of their copyrighted cinematographic works and, as the legal authors, hold the exclusive rights their copyrighted cinematographic works, which they have not transferred to persons other than to each other (_i.e._, Whyte Monkee Productions LLC to Mr. Sepi or vice versa).

93. _Moral-Right Infringement_ : Defendant Netflix violated and infringed Plaintiffs' New Zealand moral rights in their works.

94. _Economic-Rights Infringement_: Defendant Netflix violated and infringed Plaintiffs' New Zealand copyrights (their economic rights) in their works.

95. _Prayer for Relief / Remedies Sought_:  All available remedies and relief available under New Zealand copyright law (except for relief not available in this tribunal).  Of the relief available, Plaintiffs' prayer for relief includes but is not limited to the following: (1) loss of profits, (2) infringer's profits, (3) reasonable royalties, (4) measures to restore artistic integrity, (5) attribution, (6) declaratory relief, (7) attorney's fees, (8) costs, and where an election of remedies is required, all options are expressly reserved and no option is taken at this time unless necessary at the time of filing, in which case infringer's profits is elected.

## K. SPANISH CAUSES OF ACTION

96. *Reassertion of Allegations*: Plaintiffs hereby repeat and reallege all paragraph alleges above, incorporate them herein for reference, and reassert any qualifications on the geographic scope of the infringing actions asserted.  Specifically, on information and belief, Defendant Netflix, Inc., made unauthorized public performances, displays, and distributions of unauthorized derivatives of Plaintiffs' works in Spain without compensation, without attribution, and, again, without authorization.

97. *Protection Under Domestic Law*:  Spanish copyright law protects Plaintiffs' works under its copyright laws as though they were works made by a Spanish national.

98. *Cinematographic Works*:  Plaintiffs' works are protected under Spanish law as cinematographic copyrighted works or the like.

99. *Term of Protection*:  Plaintiffs' works are within the term of protection provided by Spanish copyright law.

100. *Copyright Authorship*: Plaintiffs are the legal authors of their copyrighted cinematographic works and, as the legal authors, hold the exclusive rights their copyrighted cinematographic works, which they have not transferred to persons other than to each other (*i.e.*, Whyte Monkee Productions LLC to Mr. Sepi or vice versa).

101. *Moral-Right Infringement* : Defendant Netflix violated and infringed Plaintiffs' Spanish moral rights in their works.

102. *Economic-Rights Infringement*: Defendant Netflix violated and infringed Plaintiffs' Spanish copyrights (their economic rights) in their works.

103. *Prayer for Relief / Remedies Sought*:  All available remedies and relief available under Spanish copyright law (except for relief not available in this tribunal).   Of the relief available, Plaintiffs' prayer for relief includes but is not limited to the following: (1) loss of profits, (2) infringer's profits, (3) reasonable royalties, (4) measures to restore artistic integrity, (5) attribution, (6) declaratory relief, (7) attorney's fees, (8) costs, and where an election of remedies is required, all options are expressly reserved and no option is taken at this time unless necessary at the time of filing, in which case infringer's profits is elected.

## VII. DEMAND FOR TRIAL BY JURY

104. Plaintiffs hereby demand a trial by jury of all issues so triable.

DATED: March 18, 2023

Respectfully submitted,

*/s/ Ryan Hamilton*
Ryan Hamilton (Bar No. 291349)
HAMILTON LAW LLC
5125 South Durango, Suite C
Las Vegas, Nevada 89113
(702) 818-1818
ryan@hamlegal.com

Andrew Grimm (*pro hac vice* forthcoming)
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
Andrew@DigitalJusticeFoundation.org

Phillip L. Free, Jr. (*pro hac vice* forthcoming)
Phillip Free Law, PLLC
1300 E. 9th Street, Suite 8
Edmond, Oklahoma 73034
(405) 446-8811
Phil.Free@OKCIPLaw.com

*Attorneys for Plaintiffs*

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Ryan A. Hamilton, Esq. (SBN 291349), HAMILTON LAW, LLC
5125 S. Durango Drive, Suite C, Las Vegas, Nevada 89113

TELEPHONE NO.: (702) 818-1818    FAX NO. *(Optional):* (702) 974-1139
E-MAIL ADDRESS *(Optional):* Ryan@HamLegal.com
ATTORNEY FOR *(Name):* Whyte Monkee Productions LLC; Timothy Sepi

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior Court — Civil Division

PLAINTIFF/PETITIONER: Whyte Monkee Productions LLC; Timothy Sepi

DEFENDANT/RESPONDENT: Netflix, Inc

**FOR COURT USE ONLY**

Filed
April 25, 2023
Clerk of the Court
Superior Court of CA
County of Santa Clara
23CV413161
By: afloresca

Signed: 4/25/2023 11:17 AM

**EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING  AND ☑ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
23CV413161

**Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)**

HEARING DATE:
DEPT.:    TIME:

1. Applicant *(name):* Whyte Monkee Productions LLC; Timothy Sepi
   is
   a. ☑ plaintiff
   b. ☐ cross-complainant
   c. ☐ petitioner
   d. ☐ defendant
   e. ☐ cross-defendant
   f. ☐ respondent
   g. ☐ other *(describe):*

2. The complaint or other initial pleading in this action was filed on *(date):* March 17, 2023

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☑ Complaint
   b. ☐ Cross-complaint
   c. ☐ Petition
   d. ☐ Answer or other responsive pleading
   e. ☐ Other *(describe):*
      Complaint and summons.

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date):* May 16, 2023

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☑ None
   b. ☐ The following *(describe all, including the length of any previous extensions):*

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each):*
   Netflix, Inc.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CM-020 [Rev. January 1, 2008]

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

Cal. Rules of Court,
rules 3.110, 3.1200–3,1207
www.courtinfo.ca.gov

**CM-020**

| CASE NAME:<br>Whyte Monkee Productions LLC; Timothy Sepi | CASE NUMBER:<br>23CV413161 |
| --- | --- |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed)*:

Summons in the instant case has been issued. Documents were just received on March 28, 2023. Additional time is needed as counsel for Plaintiff has numerous competing deadlines and hearings.

[✔] Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

Currently, counsel for Plaintiff has numerous competing deadlines that include but are not limited to the following: 1) a Ninth Circuit brief; 2) two depositions in a multi-party case that have been set without my consent; 3) multiple criminal hearings; and 4) discovery deadlines in a potential class-action lawsuit. Further, counsel need to consult with their clients on how they want to proceed and serve Defendants. Wanting to be considerate of money expended on Plaintiff's behalf, California statutes seem to permit methods that avoid costs of service.

[ ] Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date)*:
June 13, 2023

10. Notice of this application under rules 3.1200–3.1207 [ ] has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or [✔] is not required *(state reasons)*:

No counsel has appeared on behalf of the Defendant.

[ ] Continued on Attachment 10.

11. Number of pages attached: 1

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 04/21/2023

Ryan A. Hamilton
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

▶ */s/Ryan A. Hamilton*
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

**Order on Application is XXX below [ ] on a separate document.**

## ORDER

1. The application for an order extending time to serve and file the pleading is XXX granted [ ] denied.
2. The pleading must be served and filed no later than *(date):* 13 June 2023
3. [ ] The case management conference is rescheduled to XXXXXXXXXX remain as set.
   a. Date:
   b. Time:
   c. Place:
4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Signed: 4/24/2023 01:56 PM

Date:
24 April 2024                     Socrates Peter Manoukian
                                  JUDICIAL OFFICER

| SHORT TITLE: Ex Parte Application for Extension of Time to Serve | CASE NUMBER: |
| --- | --- |
|  | 23CV413161 |

1  Additionally, counsel and co-counsel need to consult with their clients to see how they would like to

2  proceed and how they would like to serve. They are of limited means, so we want to be sensitive to money

3  expended as the California statutes seem to permit methods that avoid the costs of service.

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.

Page _____

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

Ryan Hamilton (SBN 291349)
HAMILTON LAW LLC
5125 South Durango, Suite C
Las Vegas, Nevada 89113
(702) 818-1818
Ryan@HamLegal.com

Andrew Grimm (*pro hac vice* forthcoming)
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
Andrew@DigitalJusticeFoundation.org

*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| WHYTE MONKEE PRODUCTIONS LLC, TIMOTHY SEPI,<br>           *Plaintiff*,<br><br>vs.<br><br>NETFLIX, INC.,<br>           *Defendants*. | Case No. 23CV413161<br><br>**Hamilton Declaration regarding Ex Parte Application for Extension of Time to Serve Complaint and Summons** |

I, Ryan Hamilton, an attorney at HAMILTON LAW LLC and counsel for Plaintiff in the above-captioned case—WHYTE MONKEE PRODUCTIONS LLC, TIMOTHY SEPI ("Whyte Monkee Productions" or "Plaintiff")—hereby make this Declaration regarding the Ex Parte Application for Extension of Time to Serve Complaint and Summons.

The following statements are true to the best of my knowledge, information, and belief, and I could testify to them if called as a witness:

**1.** <u>Summons in the instant case has been issued</u>: Summons has been issued in the instant case. Additional time is needed to serve as I have numerous competing deadlines.

**2.** <u>Competing deadlines</u>: Currently, I have numerous competing deadlines that include but are not limited to the following: 1) a Ninth Circuit brief; 2) two depositions in a multi-party case that have been set without my consent; 3) multiple criminal hearings; and 4) discovery deadlines in a potential class-action lawsuit.

**3.** <u>Counsel and co-counsel need to consult with their clients:</u> Co-counsel and myself must consult with our clients to see how they would like to proceed and how they would like to serve.  They are of limited means, so we want to be sensitive to money expended as the California statutes seem to permit methods that avoid the costs of service.

**4.** <u>Extension to and including June 13, 2023</u>: I am requesting the execution of service be moved from May 16, 2023 to June 13, 2023.

I hereby declare that the above statements in this Declaration are true to the best of my knowledge and belief, and that I understand that these statements are made for use as evidence in court and are subject to penalty for perjury.

DATED: April 21, 2023                               Respectfully submitted,

*/s/ Ryan Hamilton*
Ryan Hamilton (SBN 291349)
HAMILTON LAW LLC
5125 South Durango, Suite C
Las Vegas, Nevada 89113
(702) 818-1818
Ryan@HamLegal.com
*Attorney for Plaintiff*

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 6/9/2023 7:36 PM
Reviewed By: M. Sorum
Case #23CV413161
Envelope: 12200082**

1  Ryan Hamilton (SBN 291349)
2  HAMILTON LAW LLC
   5125 South Durango, Suite C
3  Las Vegas, Nevada 89113
4  (702) 818-1818
   Ryan@HamLegal.com
5
6  Andrew Grimm (*pro hac vice* forthcoming)
7  DIGITAL JUSTICE FOUNDATION
   15287 Pepperwood Drive
8  Omaha, Nebraska 68154
   (531) 210-2381
9  Andrew@DigitalJusticeFoundation.org
10
   *Attorneys for Plaintiff*
11

12          **IN THE SUPERIOR COURT OF CALIFORNIA**

13              **COUNTY OF SANTA CLARA**

14
   WHYTE MONKEE PRODUCTIONS            Case No. 2:22-cv-00299-FLA (SKx)
15 LLC, TIMOTHY SEPI,
                         *Plaintiff*,   **Hamilton Declaration regarding Ex
16                                       Parte Application for Extension of
                                         Time to Serve Complaint and
17          vs.                          Summons**

18 NETFLIX, INC.,
19                      *Defendants*.
20

21          I, Ryan Hamilton, an attorney at HAMILTON LAW LLC and counsel for Plaintiff

22 in the above-captioned case—WHYTE MONKEE PRODUCTIONS LLC, TIMOTHY SEPI

23 ("Whyte Monkee Productions" or "Plaintiff")—hereby make this Declaration

24 regarding the Ex Parte Application for Extension of Time to Serve Complaint and

25 Summons.

26          The following statements are true to the best of my knowledge, information,

27 and belief, and I could testify to them if called as a witness:

28

**1.** <u>Summons in the instant case has been issued</u>: Summons has been issued in the instant case. Additional time is needed to serve as I have numerous competing deadlines.

**2.** <u>Competing deadlines</u>: Currently, I and co-counsel have had numerous competing deadlines that include but are not limited to the following: 1) two Ninth Circuit briefs; 2) discovery deadlines in a potential class-action lawsuit; 3) co-counsel has had major personal life events transpire; 4) co-counsel has had unexpected *sua sponte* briefing demands from an appellate court on a recent precedent; and 5) I have had numerous court hearings. My practice largely deals with personal injury, criminal defense, and immigration. Much of my time has been consumed by, but not limited to, prepping for a mediation before the Supreme Court of Nevada, multiple depositions in a multi-party case, and trial prep for a criminal defense case though the case settled the day before trial was to begin.

**3.** <u>Service of Summons and Complaint Pursuant to California Code, Code of Civil Procedure — CCP § 415.30</u>: Pursuant to CCP § 415.30(a), "[a] summons may be served by mail as provided in this section." Further, the time for Defendant or a party on behalf of Defendant to respond is twenty (20) days. This extends passed the current deadline to serve the summons and complaint in the instant case. The current deadline to serve the summons and complaint is June 13, 2023.

**4.** <u>Extension to and including July 13, 2023</u>: I am requesting the execution of service be moved from June 13, 2023 to July 13, 2023.

**5.** <u>Last request for an extension</u>: This will be the last extension request barring extraordinary circumstances.

I hereby declare that the above statements in this Declaration are true to the best of my knowledge and belief, and that I understand that these statements are made for use as evidence in court and are subject to penalty for perjury.

DATED: June 8, 2023                                   Respectfully submitted,

                                                      */s/ Ryan Hamilton*
                                                      Ryan Hamilton (SBN 291349)
                                                      HAMILTON LAW LLC
                                                      5125 South Durango, Suite C
                                                      Las Vegas, Nevada 89113
                                                      (702) 818-1818
                                                      Ryan@HamLegal.com
                                                      *Attorney for Plaintiff*

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ryan A. Hamilton, Esq. (SBN 291349), HAMILTON LAW, LLC<br>5125 S. Durango Drive, Suite C, Las Vegas, Nevada 89113<br><br>TELEPHONE NO.: *(702) 818-1818*   FAX NO. *(Optional):* *(702) 974-1139*<br>E-MAIL ADDRESS *(Optional):* Ryan@HamLegal.com<br>ATTORNEY FOR *(Name):* Whyte Monkee Productions LLC; Timothy Sepi | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Santa Clara
STREET ADDRESS:   191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Jose, 95113
BRANCH NAME:  Downtown Superior Court — Civil Division

PLAINTIFF/PETITIONER:  Whyte Monkee Productions LLC; Timothy Sepi

DEFENDANT/RESPONDENT:  Netflix, Inc

| EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING  AND ☑ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>23CV413161 |
|---|---|
| **Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE:<br>DEPT.:         TIME: |

1. Applicant *(name):*  Whyte Monkee Productions LLC; Timothy Sepi
   is
   a. ☑ plaintiff
   b. ☐ cross-complainant
   c. ☐ petitioner
   d. ☐ defendant
   e. ☐ cross-defendant
   f. ☐ respondent
   g. ☐ other *(describe):*

2. The complaint or other initial pleading in this action was filed on *(date):*  March 17, 2023

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☑ Complaint
   b. ☐ Cross-complaint
   c. ☐ Petition
   d. ☐ Answer or other responsive pleading
   e. ☐ Other *(describe):*
      Complaint and summons.

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date):*  June 13, 2023

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☐ None
   b. ☑ The following *(describe all, including the length of any previous extensions):*
      Ex parte application for extension of time to serve pleading and order extending time to serve (granted on April 25, 2023).

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each):*
   Netflix, Inc.

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>CM-020 [Rev. January 1, 2008] | **EX PARTE APPLICATION FOR EXTENSION OF TIME<br>TO SERVE PLEADING AND ORDERS** | Page 1 of 2<br>Cal. Rules of Court,<br>rules 3.110, 3.1200–3.1207<br>www.courtinfo.ca.gov |

CM-020

| CASE NAME:<br>Whyte Monkee Productions LLC; Timothy Sepi | CASE NUMBER:<br>23CV413161 |
|---|---|

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed):*

Summons in the instant case has been issued. Additional time is needed as counsel for Plaintiff has numerous competing deadlines and hearings. Plaintiff will try to effectuate service via mail pursuant to CCP 415.30.

☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

Currently, counsel for Plaintiff has numerous competing deadlines that include but are not limited to the following: 1) two Ninth Circuit briefs; 2) discovery deadlines in a potential class-action lawsuit; 3) counsel has had major personal life events transpire; 4) unexpected sua sponte briefing demands from an appellate court on recent precedent; and 5) counsel has had multiple hearings. Counsel's practice largely deals with personal injury, criminal defense, and immigration. Much of counsel's time has been consumed, but not limited to prepping a mediation before the Supreme Court of Nevada, (continued on attachment)

☑ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date)*:

July 13, 2023

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☑ is not required *(state reasons):*

No counsel has appeared on behalf of the Defendant.

☐ Continued on Attachment 10.

11. Number of pages attached: __1__

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 06/08/2023

Ryan A. Hamilton
_____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

▶

_____
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

**Order on Application is** ☐ **below** ☐ **on a separate document.**

## ORDER

1. The application for an order extending time to serve and file the pleading is ☒ granted ☐ denied.

2. The pleading must be served and filed no later than *(date):* 30 July 2023

3. ☒ The case management conference is rescheduled to:

   a. Date: 24 October 2023

   b. Time: 10:00 am

   c. Place: Department 20

4. Other orders:

6/17/2023 9:35:08 AM

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date: June 17, 2023                    smanoukian          *[signature]*
_____
JUDICIAL OFFICER

| SHORT TITLE: Ex Parte Application for Extension of Time to Serve | CASE NUMBER: |
|---|---|
| | 23CV413161 |

1  multiple depositions in a multi-party case, and a criminal trial (though the parties negotiated a plea deal

2  the day before trial was to begin).

3  Wanting to be considerate of money expended on Plaintiff's behalf, California statutes seem to permit

4  methods that avoid costs of service. Pursuant to California Code, Code of Civil Procedure § 415.30,

5  Plaintiff may effectuate service through U.S. Mail on someone authorized on behalf of a corporation.

6  Responding party has twenty days to decide whether to accept service or not. The twenty day deadline

7  would expire after June 13, 2023 — the current deadline to serve.

8  This will be the last extension request barring extraordinary circumstances.

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.

Page _____

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501