UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHYTE MONKEE PRODUCTIONS LLC, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>NETFLIX, INC.,<br><br>   Defendant. | Case No. 23-cv-03438-PCP<br><br>**SUPPLEMENTAL BRIEFING ORDER**<br>Re: Dkt. No. 25 |

In this copyright dispute, plaintiffs Timothy Sepi and Whyte Monkee Productions LLC allege that defendant Netflix, Inc. displayed unauthorized derivatives of several of their copyrighted videos. Plaintiffs assert copyright infringement under the laws of Australia, Canada, France, Germany, Italy, Japan, Mexico, New Zealand, South Korea, Spain, and the United Kingdom. Their complaint alleges that Mr. Sepi "created a number of cinematographic works either on his own or under the auspices of a separate film-production company that he controls, called Whyte Monkee Productions." Dkt. No. 1-1, at 8. Plaintiffs say that some of these works "include[] authorship designations indicating that Whyte Monkee Productions LLC was the author," and in each of their causes of action they assert collectively that "Plaintiffs are the legal authors of their copyrighted cinematographic works." *Id.* at 9, 11–21.

All of the asserted causes of action in this case are premised on foreign law. Netflix nonetheless removed this matter from California state court to federal court based in part on its contention that plaintiffs' claims "arise under" federal law—specifically, the Copyright Act, which gives federal courts exclusive jurisdiction over claims arising thereunder. Plaintiffs now move to remand this case to state court, contending that the Court lacks jurisdiction over their claims.

In addition to causes of action directly created by federal law, there is a "special and small

category" of state law claims where federal courts nonetheless have "arising under" jurisdiction under 28 U.S.C. § 1331. *Gunn v. Minton*, 568 U.S. 251, 258 (2013). This category includes state law claims where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258.

In the specific context of determining whether an action is one "arising under" the Copyright Act—actions over which federal courts have exclusive jurisdiction under 28 U.S.C. § 1338—the Ninth Circuit has adopted the Second Circuit's test from *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (1964). *T.B. Harms*, in turn, was an application of the same more generalized test for federal question jurisdiction over non-federal claims that the Supreme Court more recently summarized in *Gunn*. *See T.B. Harms*, 339 F.2d at 827 (discussing *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921)). As the Ninth Circuit has summarized the test, federal courts have jurisdiction over cases involving copyrights if "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 986 (2003). In *JustMed, Inc. v. Byce*, the Ninth Circuit applied the *T.B. Harms* test and explained that, while "a complaint may not state a Copyright Act claim on its face, federal jurisdiction may be appropriate if resolution requires application of the work-for-hire doctrine of the Copyright Act." 600 F.3d 1118, 1124 (2010). In *JustMed*, the plaintiff asserted only state law claims. *Id.* at 1123. The complaint, however, asserted plaintiff's ownership of the content at issue, recognized that ownership was disputed, and did not allege any written agreement relating to ownership. *Id.* at 1124–25. Under those circumstances, the Ninth Circuit determined that "application of the work-for-hire doctrine" was "central" to the case and that the case therefore arose under federal copyright law and fell within the federal courts' jurisdiction. *Id.* at 1124–25.

*JustMed* involved claims arising under state law rather than foreign law, and there was no question that American law, and in particular the Copyright Act, governed any questions of ownership that arose. Here, though, plaintiffs assert exclusively foreign copyright claims. The parties' briefs in support of and opposition to remand do not provide an in-depth analysis of the

law or laws that those foreign jurisdictions would use to determine ownership of the copyrights at issue. *Cf., e.g.*, *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 89–91 (2d Cir. 1998) (concluding that Russian law governed questions of ownership for works authored in that country, while U.S. law applied to infringement that occurred in this country).[1] Accordingly, as discussed at the December 14, 2023 hearing on plaintiffs' motion, the parties are directed to provide supplemental briefing addressing (1) what law foreign courts in the asserted jurisdictions would apply to determine ownership of a copyright in the videos at issue, and (2) assuming those courts would apply U.S. law, whether application of the Copyright Act's work-for-hire doctrine or other aspects of U.S. federal copyright law is sufficient to establish that plaintiffs' foreign copyright claims arise under federal law for the purposes of *Gunn*, *T.B. Harms*, and *JustMed*.

Supplemental briefs shall be limited to ten pages and shall be due **January 5, 2024**.

**IT IS SO ORDERED.**

Dated: December 15, 2023

P. Casey Pitts
United States District Judge

---

[1] *See also* Dkt. No. 26-2, at 7 (supplying a copy of a French case that apparently applied Belgian law to determine ownership of a work authored there); *but see Itar-Tass*, 153 F.3d at 91 n.12 (suggesting that the Berne Convention may establish a different rule for cinematographic works).