ROBERT H. ROTSTEIN (SBN 72452), rxr@msk.com
EMILY F. EVITT (SBN 261491), efe@msk.com
JAMES D. BERKLEY (SBN 347919), jdb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
Netflix, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WHYTE MONKEE PRODUCTIONS, LLC, and TIMOTHY SEPI, <br><br> Plaintiffs, <br><br> v. <br><br> NETFLIX, INC. <br><br> Defendant. | CASE NO. 5:23-CV-03438-PCP <br><br> Honorable P. Casey Pitts <br><br> ***Removed from Superior Court for Santa Clara County Case No. 23CV413161*** <br><br> **NOTICE OF MOTION AND MOTION OF DEFENDANT NETFLIX, INC. FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505** <br><br> *[Declaration of James D. Berkley and [Proposed] Order Filed Concurrently Herewith]* <br><br> Hearing Date: February 20, 2025 <br> Time: 10 a.m. <br> Courtroom: 8 (4th Floor) <br> Judge: Hon. P. Casey Pitts <br><br> Action Filed: March 17, 2023 <br> Date of Removal: July 11, 2023 |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 20, 2025 at 10 a.m., in Courtroom 8 – 4th Floor of the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, the Honorable P. Casey Pitts, presiding, Defendant Netflix, Inc. ("Netflix") shall and hereby does move the Court for an Order, pursuant to 17 U.S.C. § 505, for an award of attorney's fees against Plaintiffs Whyte Monkee Productions, LLC and Timothy Sepi ("Plaintiffs") in the amount of $254,942.98, plus any additional fees awarded in connection with Plaintiffs' currently pending motion for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)(4) (*see* Dkt. 64).

This Motion is made on the grounds that Netflix is the prevailing party in this action by virtue of this Court's November 22, 2024 Order, which granted its Motion to Dismiss Plaintiffs' Complaint in its entirety for failure to state a claim, with prejudice. Dkt. 58. That Order disposed of Plaintiffs' claims on the grounds that their lawsuit was precluded by the action in the Western District of Oklahoma, Case No. CIV-20-933-D. That Order thereby rendered Netflix the "prevailing party" in this lawsuit pursuant to 17 U.S.C. § 505. Moreover, because this Court held that Plaintiffs' action centrally implicated issues under the Copyright Act of 1976, Section 505 applies.

Additionally, (1) Plaintiffs' claims in this action were objectively unreasonable and frivolous; (2) Netflix achieved complete success; (3) Plaintiffs were motivated by an improper purpose in bringing and pursuing claims in this action; and (4) an attorney's fees and costs award would advance considerations of compensation and deterrence and further the interests of the Copyright Act. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202, 207-09 (2016); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). Netflix submits that the fees and costs sought in this Motion are reasonable and were necessary to defend this action.

Pursuant to N.D. Cal. Local Rule 54-5, this motion is made after counsel for the parties met and conferred for the purpose of attempting to resolve any disputes with respect to this motion on

Mitchell
Silberberg &
Knupp LLP
20414429.1

1                                           CASE NO. 5:23-CV-03438-PCP
**DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505**

1  January 2, 2025. At that conference, no resolution was reached. Declaration of James Berkley, ¶¶
2  2-3.

3      This Motion is and will be based on this Notice of Motion and Motion, the accompanying
4  Memorandum of Points and Authorities, the Declaration of James D. Berkley, the Court's record in
5  this matter, materials subject to judicial notice, and any additional memoranda and evidence in
6  support of this Motion, and any argument presented at the hearing on this Motion.

7  DATED: January 3, 2025          MITCHELL SILBERBERG & KNUPP LLP

8                                   By: /s/ Robert H. Rotstein
9                                   Robert H. Rotstein
                                    Emily F. Evitt
10                                  James D. Berkley
                                    Attorneys for Defendant Netflix, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

20414429.1

2          CASE NO. 5:23-CV-03438-PCP
DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................................1

STATEMENT OF THE ISSUES ............................................................................................1

SUMMARY OF RELEVANT FACTS AND PROCEDURAL HISTORY ...............................2

ARGUMENT ........................................................................................................................3

I.      NETFLIX SHOULD BE AWARDED ATTORNEY'S FEES UNDER SECTION 505 ...3

        A.     Because the Court Would Have Had to Apply U.S. Copyright Law to
               Determine Copyright Ownership with Respect to at Least Some of Plaintiffs'
               Claims, Attorney's Fees Are Available Under Section 505 ...................................4

II.     NETFLIX IS ENTITLED TO AN AWARD OF FEES UNDER SECTION 505 .............6

        A.     Plaintiffs' Claims Were Objectively Unreasonable and Frivolous. ........................7

        B.     Netflix Obtained Complete Success. .....................................................................11

        C.     Plaintiffs' Motivation in Pursuing This Action Was Improper. ............................11

        D.     An Award of Fees Will Advance Considerations of Compensation and
               Deterrence and Further the Purposes of the Copyright Act. ................................12

III.    NETFLIX'S REQUEST FOR $254,942.98 IN ATTORNEY'S FEES IS
        REASONABLE ...............................................................................................................14

CONCLUSION ....................................................................................................................17

Mitchell
Silberberg &
Knupp LLP

20414429.1

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Actuate Corp. v. Aon Corp.*,
2012 WL 3627595 (N.D. Cal. Aug. 21, 2012) ........................................................... 11

*AF Holdings LLC v. Navasca*,
2013 WL 3815677 (N.D. Cal. July 22, 2013) ........................................................... 16

*Amadasun v. Dreamworks, LLC*,
359 F. Supp. 2d 1367 (N.D. Ga. 2005) ................................................................... 13

*Baker v. Urban Outfitters, Inc.*,
431 F. Supp. 2d 351 (S.D.N.Y. 2006) ..................................................................... 13

*Bernal v. Paradigm Talent & Literary Agency*,
2010 WL 6397561 (C.D. Cal. June 1, 2010) .............................................. 10, 12, 15

*Blum v. Stenson*,
465 U.S. 886 (1984) ............................................................................................... 15

*Chivalry Film Prods. v. NBC Universal, Inc.*,
2015 WL 6478210 (S.D.N.Y. Nov. 27, 2007) ......................................................... 12

*Crescent Publ'g Group, Inc. v. Playboy Enters.*,
246 F.3d 142 (2d Cir. 2001) ................................................................................... 16

*Cummings v. Dolby Lab'ys, Inc.*,
2020 WL 5518185 (C.D. Cal. Sept. 14, 2020) .......................................................... 7

*Diamond Star Bldg. Corp. v. Freed*,
30 F.3d 503 (4th Cir. 1994) .................................................................................... 10

*Diplomatic Man, Inc. v. Nike, Inc.*,
2009 WL 935674 (S.D.N.Y. Apr. 6, 2009) .............................................................. 17

*Doc's Dream, LLC v. Dolores Press, Inc.*,
959 F.3d 357 (9th Cir. 2020) .......................................................................... 4, 5, 6

*Duckhole Inc. v. NBCUniversal Media LLC*,
2013 WL 5797204 (C.D. Cal. Oct. 25, 2013) ......................................................... 12

*Earth Flag Ltd. v. Alamo Flag Co.*,
154 F. Supp. 2d 663 (S.D.N.Y. 2001) ..................................................................... 13

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517 (1994) ........................................................................................ 6, 7, 13

Mitchell
Silberberg &
Knupp LLP

20414429.1

ii                                    CASE NO. 5:23-CV-03438-PCP

DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505

1

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Gable v. Nat'l Broad. Co., Inc.,*
  438 F. Appx. 587 (9th Cir. 2011) ........................................................................ 10

*Garcia-Goyco v. Law Envtl. Consultants, Inc.,*
  428 F.3d 14 (1st Cir. 2005) ..................................................................................... 7

*Great Minds v. Off. Depot, Inc.,*
  No. 2:17-cv-07435-JFW (Ex) (C.D. Cal. May 30, 2018) ...................................... 11

*Hampton v. Pac. Inv. Mgmt. Co. LLC,*
  869 F.3d 844 (9th Cir. 2017) ................................................................................... 8

*Hensley v. Eckerhart,*
  461 U.S. 424 (1983) ............................................................................................... 14

*Historical Research v. Cabral,*
  80 F.3d 377 (9th Cir. 1996) ..................................................................................... 6

*Inhale, Inc. v. Starbuzz Tobacco, Inc.,*
  755 F.3d 1038 (9th Cir. 2014) ............................................................................... 11

*JCW Invs., Inc. v. Novelty, Inc.,*
  482 F.3d 910 (7th Cir. 2007) ................................................................................. 16

*Kerr v. Screen Extras Guild, Inc.,*
  526 F.2d 67 (9th Cir. 1975) ................................................................................... 14

*Kirtsaeng v. John Wiley & Sons, Inc.,*
  579 U.S. at 205 .................................................................................................... 6, 8

*Lynch v. Trendwest Resorts, Inc.,*
  2006 WL 8454816 (W.D. Wash. Mar. 10, 2006) .................................................... 7

*Maljack Prods. Inc. v. Goodtimes Home Video Corp.,*
  81 F.3d 881 (9th Cir. 1996) ..................................................................................... 7

*Mattel, Inc. v. MGA Entm't, Inc.,*
  705 F.3d 1108 (9th Cir. 2013) ......................................................................... 11, 15

*Media Rights Techs, Inc. v. Microsoft Corp.,*
  922 F.3d 1014 (9th Cir. 2019) ................................................................................. 9

*MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.,*
  198 F.3d 840 (11th Cir. 1999) ............................................................................... 11

Mitchell
Silberberg &
Knupp LLP

20414429.1

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505**

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Morales v. City of San Rafael*,
    96 F.3d 359 (9th Cir. 1996)..................................................................................................... 14

*Polsby v. St. Martin's Press, Inc.*,
    2000 WL 98057 (S.D.N.Y. Jan. 18, 2000)............................................................................... 10

*Positive Black Talk Inc. v. Cash Money Records, Inc.*,
    394 F.3d 357 (5th Cir. 2004)...................................................................................................... 6

*Rosciszewski v. Arete Associates, Inc.*,
    1 F.3d 225 (4th Cir. 1993).......................................................................................................... 6

*Scott v. Meyer*,
    No. 2010 WL 2569286 (C.D. Cal. June 21, 2010)............................................................ 12, 13

*Seventh Chakra Films, LLC v. Alesse*,
    2023 WL 7222659 (S.D. Fla. Oct. 15, 2023) ............................................................................ 4

*Shame On You Prods., Inc. v. Banks*,
    893 F.3d 661 (9th Cir. 2018).................................................................................................... 10

*Spear Mktg., Inc. v. Bancorpsouth Bank*,
    2016 WL 193586 (N.D. Tex. Jan. 14, 2016)**,** *aff'd*, 844 F.3d 464 (5th Cir. 2016) ............. 6, 10

*Steele v. Ricigliano*,
    789 F. Supp. 2d 245 (D. Mass. 2011) ....................................................................................... 7

*Thoroughbred Software Int'l, Inc. v. Dice Corp.*,
    488 F.3d 352 (6th Cir. 2007)...................................................................................................... 6

*Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*,
    460 F.3d 1253 (9th Cir. 2006).................................................................................................. 16

*Twentieth Century Fox Film Corp. v. Entm't Distrib.*,
    429 F.3d 869 (9th Cir. 2005)...................................................................................................... 6

*Twentieth Century Fox Film Corp. v. Streeter*,
    438 F. Supp. 2d 1065 (D. Ariz. 2006)....................................................................................... 7

*UM Corp. v. Tsuburaya Prods. Co.*,
    793 F. App'x 511 (9th Cir. 2019).............................................................................................. 10

*United States v. Botefuhr*,
    309 F.3d 1263 (10th Cir. 2002)................................................................................................... 9

Mitchell
Silberberg &
Knupp LLP

20414429.1

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505**

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Whyte Monkee Prods., LLC v. Netflix, Inc.*,
    601 F. Supp. 3d 1117 (W.D. Okla. 2022) ................................................................. 2
    2022 WL 4775905 (W.D. Okla. Sept. 30, 2022) ...................................................... 2

*YS Built, LLC v. Huang*,
    2017 WL 1093207 (W.D. Wash. Mar. 23, 2017)...................................................... 7

*Yue v. Storage Tech. Corp.*,
    2008 WL 11256331 (N.D. Cal. Aug. 6, 2008)...................................................... 13

*Zobmondo Entm't LLC v. Falls Media LLC*,
    2009 WL 202034 (C.D. Cal. Jan. 23, 2009)........................................................ 13

STATUTES

17 U.S.C. § 107 .............................................................................................................. 2

17 U.S.C. § 201(b) ..................................................................................................... 1, 3

17 U.S.C. § 505 ............................................................. 1, 3, 4, 6, 7, 10, 11, 16, 17

28 U.S.C. § 1441 ......................................................................................................... 11

Civil L.R. 54-5(b)(2) .................................................................................................. 15

RULES

Federal Rules of Civil Procedure
    12(b)(6)................................................................................................................... 3
    12(b)(b)................................................................................................................... 2
    59...................................................................................................................... 3, 16
    59(e) ............................................................................................................ 1, 3, 17
    60...................................................................................................................... 3, 16
    60(b)(4) ....................................................................................................... 1, 3, 17

OTHER AUTHORITIES

4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.10[B][1][b] ................... 4, 5

Mitchell
Silberberg &
Knupp LLP

20414429.1

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505**

# INTRODUCTION

On November 22, 2024, the Court, applying the doctrine of claim preclusion, dismissed the Complaint because Plaintiffs Whyte Monkee Productions, LLC and Timothy Sepi improperly sought a second opportunity to adjudicate claims that should have been brought in an earlier-filed lawsuit filed in the Western District of Oklahoma (the "Oklahoma Action"). Under the applicable authorities Defendant Netflix, Inc. ("Netflix"), as the prevailing party, is entitled to an award of attorney's fees pursuant to section 505 of the Copyright Act, 17 U.S.C. § 505.

First, binding Ninth Circuit authority holds that even though the Complaint purported to sue under foreign law, Netflix may invoke Section 505 because, as the Court found, Plaintiffs' action required construction of the U.S. Copyright Act. Second, Netflix achieved complete success in this litigation. Third, Plaintiffs' claims in this action were objectively unreasonable and frivolous: flouting the clear law governing claim preclusion, they engaged in brazen forum shopping after losing the Oklahoma Action by seeking to raise in a new forum claims grounded in the same "transaction or series of transactions." Fourth, by engaging in forum shopping and attempting to re-litigate issues in a new action, Plaintiffs were motivated by an improper purpose. Finally, an award of attorney's fees would advance considerations of compensation and deterrence and further the interests of the Copyright Act by discouraging forum shopping and duplicative lawsuits that waste judicial resources and seek to cloud settled questions of copyright ownership. For the reasons discussed below, Netflix should be awarded fees of $254,942.98, an amount far less than the fees that Netflix actually incurred in defending this action. Further, Netflix seeks 100% of attorney's fees required to oppose Plaintiffs' recently filed motion for reconsideration under Federal Rules 59(e) and 60(b)(4), and will file a supplemental declaration detailing those fees after the hearing on the motion is concluded.

# STATEMENT OF THE ISSUES

1.    Where a complaint raises claims requiring the Court to apply the work-made-for-hire doctrine under Section 201(b) of the United States Copyright Act of 1976, whether Section 505 of the Act permits an award of attorney's fees to the prevailing party.

Mitchell
Silberberg &
Knupp LLP
20414429.1

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505**

2.      Whether Netflix is entitled to fees under the authorities governing meritless claims involving construction of the Copyright Act.

## SUMMARY OF RELEVANT FACTS AND PROCEDURAL HISTORY

The facts are set forth in the summary judgment order in the Oklahoma Action (*see* 601 F. Supp. 3d at 1123-28); this Court's Order Denying Plaintiffs' Motion to Remand (Dkt. 41); and this Court's Order dismissing the action pursuant to Federal Rule of Civil Procedure 12(b)(b) (Dkt. 58). For this motion, the salient facts are these:

- Plaintiffs filed a copyright infringement action in Oklahoma in September 2020, asserting claims under the U.S. Copyright Act in connection with the use of clips of eight videos in Netflix's documentary *Tiger King: Murder, Mayhem and Madness* (the "Documentary"). *See* Dkt. 45-1.

- No later than December 30, 2020, Plaintiffs stated in the Oklahoma Action that their copyright infringement claims arose out of "acts of streaming the Documentary … to viewers across the world." Dkt. 58 at 6 n.4.

- The Oklahoma court granted summary judgment as to all of Plaintiffs' claims, finding that seven videos were works made for hire and the eighth was protected by the fair use doctrine set forth in Section 107 of the Copyright Act.[1] *See* Dkt. 45-6.

- Plaintiffs appealed from the Oklahoma decision. Shortly before oral argument in the Tenth Circuit, they filed the instant action in the California Superior Court for the County of Santa Clara, alleging foreign copyright infringement, including violation of moral rights, under the laws of at least eleven foreign countries, arising out of the same facts they asserted in the Oklahoma Action. *See* Dkt. 1-1; Dkt. 45-10, 45-13.

- After Netflix filed a notice of removal to this Court, Plaintiffs moved to remand. Dkt. 25. In denying the remand motion, this Court held that the application of the

---

[1] The Oklahoma Court granted summary judgment to defendants in part based in part on finding that Sepi's deposition testimony concerning his employment at the Park and the Whyte Monkee entity amounted to a sham affidavit. *Whyte Monkee Prods., LLC v. Netflix, Inc.*, 601 F. Supp. 3d 1117, 1129-32 (W.D. Okla. 2022). The district court later awarded attorney's fees to defendants, citing this as a basis. 2022 WL 4775905, at *1 (W.D. Okla. Sept. 30, 2022), *rev'd and remanded on other grounds*, 2024 WL 1327788 (10th Cir. Mar. 28, 2024).

1    Copyright Act's work-made-for-hire doctrine, 17 U.S.C. § 201(b), was a central

2    issue in this case and vested the Court with federal question jurisdiction. Dkt. 41 at

3    5-7.

4    • This Court granted Netflix's motion to dismiss under Rule 12(b)(6) on the grounds

5    that the instant action was barred by the doctrine of claim preclusion. Dkt. 58. In

6    particular, the Court held that (1) "both suits ar[o]se from the same underlying facts

7    and [we]re premised on the same theory;" (2) "[n]early all of the facts between the

8    two suits [we]re identical;" (3) the two lawsuits would have "form[ed] a 'convenient

9    trial unit;" and (4) Plaintiffs were aware of the facts underlying this action well

10    before the filing of their second amended complaint in the Oklahoma Action. *See id.*

11    at 4-6 & n.4.

12    • The instant motion was previously scheduled to be filed on or before December 20,

13    2024. Dkt. 61. Based on representations by Plaintiffs' counsel, Netflix's counsel

14    stipulated to extend that date to January 3, 2025. Dkt. 62, 63; Declaration of James

15    Berkley ("Berkley Decl.") at ¶¶ 2-3 & Ex. 1. On December 20, 2024, at 11:59 pm,

16    Plaintiffs filed a motion to re-open the judgment and reconsider this Court's rulings

17    under Federal Rules of Civil Procedure 59(e) and 60(b)(4) (the "Rule 59/60

18    motion"). Dkt. 64.

19    • As set forth in Netflix's opposition to the Rule 59/60 motion, also due today and

20    filed concurrently, Plaintiffs' Rule 59/60 motion is meritless, and is requiring

21    Netflix to incur further attorney time and fees, not yet capable of full determination.

22    **ARGUMENT**

23    **I.    NETFLIX SHOULD BE AWARDED ATTORNEY'S FEES UNDER SECTION 505**

24    Section 505 of the Copyright Act provides that a court may "award a reasonable attorney's

25    fee to the prevailing party as part of the costs." 17 U.S.C. § 505. While Plaintiffs did not facially

26    assert a claim under the United States Copyright Act, under controlling Ninth Circuit authority, an

27    award of attorney's fees is available to Netflix under Section 505 because the Complaint required

28    construction of U.S. copyright law. Moreover, under the cases governing awards of attorney's fees

Mitchell
Silberberg &
Knupp LLP

20414429.1

3                                    CASE NO. 5:23-CV-03438-PCP
**DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505**

1  to a prevailing defendant, the relevant factors governing fee awards weigh heavily in favor of

2  awarding the fees requested.

3      A.   ***Because the Court Would Have Had to Apply U.S. Copyright Law to Determine Copyright Ownership with Respect to at Least Some of Plaintiffs' Claims, Attorney's Fees Are Available Under Section 505.***

4

5      Section 505 of the Copyright Act provides:

6

7          In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

8

9

10  17 U.S.C. §505. Significantly, an award of fees under Section 505 is not limited only to claims for

11  relief that explicitly allege federal copyright infringement. However an action is styled, a prevailing

12  party may seek fees "any time the action at hand requires construction of the Copyright Act." *Doc's*

13  *Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357, 361 (9th Cir. 2020), *quoting* 4 Melville B.

14  Nimmer & David Nimmer, *Nimmer on Copyright* ("Nimmer") § 14.10[B][1][b] (permitting an

15  award of fees under Section 505 where complaint alleged that a party had abandoned the copyright;

16  the issue of abandonment required construction of the Copyright Act)*;see Seventh Chakra Films,*

17  *LLC v. Alesse*, 2023 WL 7222659, at *3 (S.D. Fla. Oct. 15, 2023), *report and recommendation*

18  *adopted,* 2023 WL 7216079 (S.D. Fla. Nov. 2, 2023) (citing *Doc's Dream* and permitting

19  prevailing party to recover fees under Section 505 in a case involving copyright ownership and the

20  work-made-for-hire doctrine).

21      *Doc's Dream* is dispositive. There, the plaintiff, Doc's Dream, sued religious leader Dr.

22  Eugene Scott's widow, who held the copyright in Scott's video-recorded sermons. Doc's Dream

23  sought a declaration that Scott had abandoned his works to the public domain. The district court

24  granted summary judgment for the defendant—thus affirming her copyright ownership—but

25  denied her motion for an award of attorney's fees on the grounds that the determination of

26  copyright abandonment did not require construction of the Copyright Act. *See* 959 F.3d at 358-59.

27      The Ninth Circuit reversed. In so doing the court relied on several hypotheticals from the

28  *Nimmer* treatise:

> [I]magine that *C* sues *D* for a declaration regarding copyright—***for instance, that D performed her services on a for-hire basis, meaning that she has no interest in the copyright.*** In reply, *D* counterclaims for a declaration that ***she worked outside of employment***, and accordingly owns the copyright in the subject work, either outright or as an equal co-owner with *C*. In that instance, jurisdiction in federal court arises under the Declaratory Relief Act as well as being premised on the need to construe the provisions of the Copyright Act. ***So, the Copyright Act allows courts, in their discretion, to grant attorney's fees to the prevailing party under those circumstances.***
>
> ***The same considerations would appear to control any time the action at hand requires construction of the Copyright Act***—such as a case in which *E* sues *F* for a declaration that the work in question falls outside the scope of copyright protection or that the exploitation at hand falls outside the rights accorded to the copyright owner. But, at the limit, one could imagine a case requiring no construction of the Copyright Act—for instance, one in which *G* sues *H* for a half share of royalties due from exploitation of their shared work. In that instance, the case does not appear to arise under Title 17 of the United States Code, and fees therefore may not be awarded under the Copyright Act.

*Id.* at 361, quoting *Nimmer,* §14.10[B][1][b] (emphasis added). The Court concluded that "Among Nimmer's explanatory hypotheticals, the one involving E and F is nearly identical to this case." 959 F.3d at 361.

In the instant case, Nimmer's hypothetical involving C and D is nearly identical to the factual scenario alleged in the Complaint. Plaintiffs asserted that Sepi filmed the purportedly infringed videos outside the scope of his employment, and thus was their owner, while Netflix contended that (as the Oklahoma Court held) he was an employee-for-hire with no interest in the copyrights. As this Court held in denying Plaintiffs' motion to remand, "one or more of plaintiffs' claims will require applying Copyright Act ownership principles to determine whether each of the works at issue is owned by Mr. Sepi or by Whyte Monkee" (Dkt. 41 at 5). The Court further recognized:

> "[I]t is apparent that even if foreign law applies to all of plaintiffs' claims, the Court will have to apply U.S. federal law to determine copyright ownership with respect to at least some of those claims. And under the federal law of copyright ownership, Whyte Monkee can only claim authorship (and thereby ownership) through an application of the work-for-hire provisions of the Copyright Act. *See* 17 U.S.C. § 201(b)."

Mitchell
Silberberg &
Knupp LLP
20414429.1

1   *Id.* at 7. For this reason, Netflix is entitled to seek fees under Section 505.

2        As noted above, moreover, it makes no difference that Plaintiffs did not expressly sue for

3   copyright infringement under the U.S. Copyright Act. So long as the case requires **construction of**

4   **the Copyright Act**, fees are available. *See Doc's Dream,* 959 F.3d at 360-63; *Rosciszewski v. Arete*

5   *Associates, Inc.*, 1 F.3d 225 (4th Cir. 1993) (where Plaintiff alleged state law claims in state court,

6   and defendant removed on the ground of complete preemption under Section 301 of the Copyright

7   Act,, holding complete preemption transformed the state-law claims into federal claims, allowing

8   for recovery of fees under Section 505); *Spear Mktg., Inc. v. Bancorpsouth Bank*, 2016 WL

9   193586, at *5–6 (N.D. Tex. Jan. 14, 2016)**,** *aff'd*, 844 F.3d 464 (5th Cir. 2016) (same, citing

10   *Rosciszewski*). Section 505, and the policies of the Copyright Act, therefore apply to this action,

11   allowing Netflix to seek recovery of its attorney's fees.

12   **II.     NETFLIX IS ENTITLED TO AN AWARD OF FEES UNDER SECTION 505**

13        While "[t]here is no precise rule or formula" for determining whether a court should, in its

14   discretion, award attorney's fees to a prevailing party, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534

15   & n.19 (1994), a court must give "substantial weight to the objective (un)reasonableness of a losing

16   party's litigating position." *Kirtsaeng*, 579 U.S. at 205. A court should also consider other factors,

17   including the degree of success obtained, frivolousness, motivation, and the need in particular

18   circumstances to advance considerations of compensation and deterrence. *See Twentieth Century*

19   *Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 883 (9th Cir. 2005). "[E]xceptional circumstances

20   are not a prerequisite to an award of attorneys fees; district courts may freely award fees, as long as

21   they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright

22   Act's objectives." *Historical Research v. Cabral*, 80 F.3d 377, 378-79 (9th Cir. 1996) (citations

23   and quotations omitted).[2]

24   _____

25   [2] While "a district court may not 'award[] attorney's fees as a matter of course'" and "must make a
    more particularized, case-by-case assessment," *Kirtsaeng*, 579 U.S. at 202 (quoting *Fogerty*, 510

26   U.S. at 533), several Circuits have held that, in accord with *Fogerty*, awards of fees are "the rule
    rather than the exception . . . ." *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d

27   357, 380 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S.
    154 (2010) (citations omitted); *see also Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d

28   352, 362 (6th Cir. 2007).

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505**

1    Here, Plaintiffs' litigation position was objectively unreasonable and frivolous, and the

2  remaining factors also weigh decisively in favor of awarding attorney's fees to Netflix.

3    A.    ***Plaintiffs' Claims Were Objectively Unreasonable and Frivolous.***

4    This important factor weighs substantially in favor of an award of fees and costs. A claim

5  may be unreasonable with respect to its legal basis or with respect to the underlying facts. *See*

6  *Fogerty*, 510 U.S. at 534 n.19. Unreasonableness is an objective standard, and thus a plaintiff's

7  subjective ignorance of the law or the facts does not negate a finding of unreasonableness. *See*

8  *Maljack Prods. Inc. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996). A claim is

9  frivolous if it lacks "an arguable basis either in law or in fact." *Twentieth Century Fox Film Corp.*

10  *v. Streeter*, 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319,

11  325 (1989)); *see YS Built, LLC v. Huang*, 2017 WL 1093207, at *2 (W.D. Wash. Mar. 23, 2017)

12  (claim is frivolous if it is "'so meritless that there is little chance of success'" (citing cases)).[3]

13    Moreover, courts have awarded attorney's fees under Section 505 where, as here, a

14  defendant has prevailed on the basis that the claims in a second suit were barred on the basis of *res*

15  *judicata* (*i.e.*, claim preclusion). *See, e.g.*, *Cummings v. Dolby Lab'ys, Inc.*, 2020 WL 5518185, at

16  *5 (C.D. Cal. Sept. 14, 2020) (awarding fees to the defendant on the grounds that the plaintiff's

17  claims were "plainly barred by res judicata and therefore, legally unreasonable"); *Steele v.*

18  *Ricigliano*, 789 F. Supp. 2d 245, 250 (D. Mass. 2011) (holding that defendants were "entitled to an

19  award of … costs and fees" under Section 505 and stating, "Steele's claims in this action are

20  clearly precluded by this Court's holding in *Steele I* and appear to be an attempt to circumvent that

21  holding. Thus, this lawsuit is at least frivolous, and possibly vexatious, and it would be reasonable

22  for the Court to conclude that sanctions are warranted."). Finally, where a preclusive doctrine

23  defeats a copyright claim, the merits of the copyright claim are irrelevant to the fees determination.

24  *See Lynch v. Trendwest Resorts, Inc.*, 2006 WL 8454816, at *2 (W.D. Wash. Mar. 10, 2006)

25

26  _____

[3] The Court need not find that Plaintiffs' claims were frivolous in order to award fees to Netflix.
*See Fogerty*, 510 U.S. at 527, 532 n.18 (rejecting argument that attorney's fees award to a

27  defendant "represents a penalty imposed upon the plaintiff for institution of a baseless, frivolous, or
unreasonable suit, or one instituted in bad faith"); *Garcia-Goyco v. Law Envtl. Consultants, Inc.*,

28  428 F.3d 14, 21 (1st Cir. 2005) (fee award appropriate without express finding of frivolity).

Mitchell
Silberberg &
Knupp LLP

20414429.1

7            CASE NO. 5:23-CV-03438-PCP

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505**

("Moreover, for purposes of this motion, the merits of the Copyright Act claim are irrelevant because that claim was fully and finally adjudicated in *Lynch I*; plaintiff's pursuit of that claim in *Lynch II* despite the effects of issue preclusion was frivolous.").

Here, Plaintiffs' claims were objectively unreasonable and lacked any arguable basis in law and in fact. The Court dismissed this case with prejudice, holding "[b]ecause plaintiffs have failed to allege any cause of action that could not have been litigated in the Oklahoma proceeding, their lawsuit is precluded by the final Oklahoma district court judgment." Dkt. 58 at 2. Tenth Circuit law, which applied, is unequivocal on the issue. As the Court noted in its order of dismissal, "[t]o apply claim preclusion, three elements must exist: (1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." Dkt. 58 at 3 (quoting *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1121, 1239 (10th Cir. 2017)). Plaintiffs did not seriously dispute the first two factors. As the Court noted, "[t]he third element is analyzed under a 'transactional test,' which asks whether the claim asserted in subsequent litigation arises out of "the same transaction, or series of connected transactions as a previous suit." *Id.* (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999)). Further, the "'transactional test' involves a 'pragmatic' analysis considering (1) 'whether the facts are related in time, space, origin, or motivation,' (2) whether the two suits might comprise 'a convenient trial unit,' and (3) whether treating the suits as a single unit 'conforms to the parties' expectations or business understanding or usage.'" *Id.* at 4 (quoting *Yapp,* 186 F.3d at 1227).

As the Court held, the Oklahoma Action and this lawsuit were "clearly" related in time, space, origin, and motivation. Moreover, it could hardly have been more self-evident that the two lawsuits would have formed a convenient trial unit: as the Court noted, "nearly all of the facts between the two suits" were "***identical***." Dkt. 58 at 5 (emphasis added). Third, "Plaintiffs' claims relied "on a single act of alleged improper publishing, and the parties should certainly have expected all claims arising out of that one act to proceed in tandem." *Id.* at 6. *See also Kirtsaeng*, 579 U.S. at 207 ("A district court that has ruled on the merits of a copyright case can easily assess whether the losing party advanced an unreasonable claim or defense."); *Hampton v. Pac. Inv. Mgmt. Co. LLC,* 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals under Rule 12(b)(6) … are

judgments on the merits.") (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)).

Plaintiffs made several arguments in an attempt to evade the clear law. First, relying on *Media Rights Techs, Inc. v. Microsoft Corp.*, 922 F.3d 1014 (9th Cir. 2019), Plaintiffs utterly ignored the well-established authority holding that the separate accrual rule does not apply to disputes centering on copyright ownership. Nor did Plaintiffs acknowledge that *Media Rights* is distinguishable: nowhere did they allege that Netflix distributed *Tiger King* in any **new countries** after they filed the operative pleading (namely, the Second Amended Complaint) in the Oklahoma Action, or indeed, that there was any new conduct by Netflix whatsoever. *See* Dkt. 58 at 6; *compare* Dkt. 1-1 at ¶¶ 1-15; Dkt. 45-3; Dkt. 45-4 at pp. 2, 6.

The legal principles that Plaintiffs disregard are hardly complex, especially given Plaintiffs' counsel's obvious copyright expertise. If they can raise multiple and complicated issues of foreign copyright law and moral rights, they certainly could have discovered the cases holding that the separate accrual rule does not apply to disputes involving copyright ownership, and noted the many other obvious factual differences between *Media Rights* and their own duplicative action.

Equally frivolous was Plaintiffs' argument that the Oklahoma court would not have had jurisdiction over the foreign infringement claims. As the Court noted in its order of dismissal, "If the relationship between Netflix and Royal Goode was sufficient to subject Netflix to specific personal jurisdiction in Oklahoma for the domestic copyright claims, it was likely sufficient for the foreign copyright claims as well." Dkt. 58 at 8. Plaintiffs knew very well that they had sued in Oklahoma not merely for claims allegedly arising in that state, but also for all claims nationwide— and as they asserted in December 2020, even globally. To argue that the Oklahoma Court would not have had personal jurisdiction as to foreign claims was disingenuous and a clear makeweight that attempted to salvage an obviously frivolous lawsuit.

As the Court further noted, the Oklahoma Court would also have had pendent personal jurisdiction over the foreign claims. *Id.* at 8-9. The Tenth Circuit recognized the concept of pendent personal jurisdiction no later than 2002. *See United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th

Mitchell
Silberberg &
Knupp LLP

20414429.1

9     CASE NO. 5:23-CV-03438-PCP
**DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505**

1    Cir. 2002). In disregarding this straightforward rule of federal civil procedure, Plaintiffs yet again

2    pressed a patently frivolous legal position.

3          Cases awarding fees and costs for baseless copyright infringement claims are legion. *See,*

4    *e.g.*, *Shame On You Prods., Inc. v. Banks,* 893 F.3d 661, 668 (9th Cir. 2018) (affirming fee award

5    where district court held, *inter alia*, that "the purpose of general deterrence would be served by

6    awarding fees against a party who had litigated an objectively unreasonable claim, or who had

7    brought a claim in bad faith"); *Gable v. Nat'l Broad. Co., Inc.*, 438 F. Appx. 587, 589 (9th Cir.

8    2011) (affirming fee award where claim was "meritless"); *Diamond Star Bldg. Corp. v. Freed*, 30

9    F.3d 503, 506 (4th Cir. 1994) (where "a party has pursued a patently frivolous position, the failure

10   of a district court to award attorneys' fees and costs to the prevailing party will, except under the

11   most unusual circumstances, constitute an abuse of discretion"); *Spear Mktg.*, 2016 WL 193586, at

12   *6, 16 (awarding over $900,000 in fees where plaintiff "brought suit and forced Defendants to

13   defend against claims, or at least parts of claims, on which it had no chance of prevailing" and the

14   "suit seems to have been objectively unreasonable" because plaintiff's state claim was preempted

15   and plaintiff could not otherwise show one of the claims' elements); *Bernal v. Paradigm Talent &*

16   *Literary Agency*, 2010 WL 6397561, at *2-3 (C.D. Cal. June 1, 2010) (awarding over $200,000 in

17   fees where claims were "objectively unreasonable" and "based on an assumption that had no

18   factual support in the record"); *Polsby v. St. Martin's Press, Inc.*, 2000 WL 98057, at *2 (S.D.N.Y.

19   Jan. 18, 2000) ("Here, plaintiff's case never had any chance of success because she never presented

20   any basis for concluding either that her work had been available to defendants, or that her work had

21   been unlawfully copied within the meaning of jurisprudence under the Copyright Act. Her action,

22   insofar as it was objectively unreasonable – *i.e.*, lacking in basis – was frivolous.").[4]

23

24

25

---

26   [4] *See also UM Corp. v. Tsuburaya Prods. Co.,* 793 F. App'x 511, 515-16 (9th Cir. 2019) (in
     international copyright and licensing dispute, affirming fees award of $3,938,227.22 under Section
27   505 despite district court's "measured conclusions" as to frivolousness and objective
     reasonableness, noting lower court's "wide latitude … to award attorney fees based on the totality
28   of circumstances in [the] case") (quoting *Kirtsaeng*, 136 S. Ct. at 1985).

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505**

1
      B.      ***Netflix Obtained Complete Success.***

2
      Netflix achieved complete success on the merits when it prevailed on its Motion to Dismiss.

3
This factor weighs strongly in favor of awarding fees and costs. *See Inhale, Inc. v. Starbuzz*

4
*Tobacco, Inc.,* 755 F.3d 1038, 1042-43 (9th Cir. 2014) (affirming fee award; district court properly

5
relied on, *inter alia*, defendants' "'total success on the merits' and the need for deterrence of

6
'similarly frivolous claims against innocent Defendants'").

7
      C.      ***Plaintiffs' Motivation in Pursuing This Action Was Improper.***

8
      Plaintiffs' decision to file this action and continue to prosecute it in the face of dispositive

9
legal authority establishing that this lawsuit was barred by the doctrine of claim preclusion reveals

10
their improper motivation and bad faith, which further supports an award of fees and costs to

11
Netflix.[5] Other evidence confirms this conclusion. Plaintiffs waited to file the instant action until

12
long after the parties had briefed the Tenth Circuit appeal from the Oklahoma judgment—indeed

13
until the eve of oral argument. Moreover, neither of the Plaintiffs is a California resident.

14
Therefore, they could have invoked the jurisdiction of a California federal court based on diversity

15
of citizenship. Instead, they chose to file in California Superior Court, where Netflix could not

16
invoke the provisions of 28 U.S.C. §1441 to seek transfer to the Western District of Oklahoma. The

17
reason why non-California residents would seek to litigate in a state court in the defendant's

18
backyard is all too obvious—Plaintiffs were forum shopping, hoping to relitigate their case in a

19
different forum that considered few or no copyright infringement cases. Plaintiffs' improper

20
conduct and motivation amply justify an award of attorney's fees. *See, e.g., Great Minds v. Off.*

21
*Depot, Inc.,* No. 2:17-cv-07435-JFW (Ex) (C.D. Cal. May 30, 2018) at *10 (awarding $130,525.46

22
in attorney's fees to defendant under Section 505: "The Court concludes that [plaintiff's] conduct

23

24
_____

[5] Even assuming *arguendo* that Plaintiffs were merely unrealistically sanguine, such putative "good

25
faith" would not preclude an award of attorney's fees here. *See MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.,* 198 F.3d 840, 842 (11th Cir. 1999) (plaintiff's "good faith in bringing its suit was not

26
determinative of the issue of attorney's fees"); *Mattel, Inc. v. MGA Entm't, Inc.,* 705 F.3d 1108, 1111 (9th Cir. 2013) ("At one point, a copyright defendant had to show that the plaintiff's claim

27
was frivolous or made in bad faith in order to be entitled to fees; but no longer."); *Actuate Corp. v. Aon Corp.,* 2012 WL 3627595, at *2 (N.D. Cal. Aug. 21, 2012) ("blameworthiness is not a

28
prerequisite to awarding fees to a prevailing defendant" (citation omitted)).

Mitchell
Silberberg &
Knupp LLP
20414429.1

11        CASE NO. 5:23-CV-03438-PCP
**DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505**

1  was motivated by a desire to relitigate its dismissed copyright claim in this forum in hopes of

2  obtaining a different result.") (quoting *Organization for* Advancement of Minorities

3  with *Disabilities v. Brick Oven Restaurant*, 406 F. Supp. 2d 1120, 1131 (S.D. Cal.

4  2005) ("discouraging forum-shopping is a legitimate goal for the federal courts.")).

5      D.    ***An Award of Fees Will Advance Considerations of Compensation and Deterrence and Further the Purposes of the Copyright Act.***

6

7       "Attorneys' fees are proper when either successful prosecution or successful defense of the

8  action furthers the purposes of the Copyright Act." *Duckhole Inc. v. NBCUniversal Media LLC*,

9  2013 WL 5797204, at *1 (C.D. Cal. Oct. 25, 2013) (citing *Fantasy, Inc. v. Fogerty*, 94 F.3d 553,

10  558 (9th Cir. 1996)). Here, an award of fees and costs will further the interests of the Copyright

11  Act, which the Ninth Circuit has held is "the pivotal criterion." *Bernal*, 2010 WL 6397561, at *2

12  (quoting *Fantasy Inc.*, 94 F.3d at 558).

13      First, "the awarding of fees in this case would serve goals of deterrence and compensation.

14  Deterring non-meritorious lawsuits against defendants seen as having 'deep pockets' and

15  compensating parties that must defend themselves against meritless claims are both laudable ends."

16  *Scott v. Meyer,* No. 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010). Plaintiffs' decision to file

17  and pursue this second lawsuit after dismissal of their first (and during that case's still-pending

18  appeal) was reckless, at best. Absent an award of attorney's fees, Plaintiffs will suffer no

19  consequences—and Netflix will have been penalized—as a result of Plaintiffs' decision to file and

20  pursue their unreasonable duplicative lawsuit. Such a result is inequitable and encourages frivolous

21  litigation. *See Gallagher v. Lions Gate Entm't Inc.*, 2015 WL 6478210, at *3 (C.D. Cal. Oct. 27,

22  2015) (awarding fees; "Even after Defendants provided Plaintiff with a detailed, eleven-page letter

23  outlining Ninth Circuit copyright law and the failings of Plaintiff's arguments, Plaintiff still

24  doggedly pursued his claims. . . . [T]he Court finds such manifest intent to continue a claim in the

25  face of overwhelming conflicting case law objectively unreasonable."). *Cf. Chivalry Film Prods. v.*

26  *NBC Universal, Inc.*, 2015 WL 6478210, at *3 (S.D.N.Y. Nov. 27, 2007) ("although the plaintiff in

27

28

Mitchell
Silberberg &
Knupp LLP

20414429.1

12            CASE NO. 5:23-CV-03438-PCP
**DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505**

1  this case did not engage in a 'campaign of vexatious litigation,' the need for deterrence against

2  objectively unreasonable copyright claims is significant").[6]

3      This is not a case where there was a debatable issue as to claim preclusion. Rather,

4  Plaintiffs filed a completely meritless and duplicative lawsuit lacking any regard for established

5  law and pursued it despite dispositive authority demonstrating that the doctrine of claim preclusion

6  barred the lawsuit. "Awarding fees here is consistent with purposes of the Copyright Act, as such

7  an award protects [d]efendants from wasting resources on duplicative actions." *Yue v. Storage*

8  *Tech. Corp.,* 2008 WL 11256331, at *3 (N.D. Cal. Aug. 6, 2008), *report and recommendation*

9  *adopted*, 2008 WL 4185835 (N.D. Cal. Sept. 5, 2008).

10     Netflix's decision to defend against Plaintiffs' baseless claims also furthered the Copyright

11 Act's "primary objective" of "encourag[ing] the production of original literary, artistic, and musical

12 expression for the good of the public," and ensured that the Documentary remains available to the

13 public. *See Fogerty*, 510 U.S. at 524; *Scott*, 2010 WL 2569286, at *4 ("The successful defense

14 against Plaintiff's copyright infringement claims will assure that Meyer's literary work remains

15 available to the public, thus furthering the goal of 'stimulat[ing] artistic creativity for the general

16 public good' and perhaps 'lead to further creative pieces'"); *Zobmondo Entm't LLC v. Falls Media*

17 *LLC*, 2009 WL 202034, at *3 (C.D. Cal. Jan. 23, 2009) ("[B]aseless claims . . . are inimical to the

18 purposes of the Copyright Act. These types of claims, and fear of specious lawsuits, can chill

19 creative expression resulting in the diminution of creative works. An award of attorney's fees

20 would serve as a deterrent for such claims."); *Amadasun*, 359 F. Supp. 2d at 1376 ("a prevailing

21 defendant's successful defense against a copyright claim aids in establishing the boundaries of

22

23 _____

24 [6] *See also Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 359-60 (S.D.N.Y. 2006) (attorney's fees should be awarded to deter plaintiffs "from bringing unreasonable claims based on a

25 cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences if they lose"); *Amadasun v. Dreamworks, LLC*, 359 F. Supp. 2d 1367,

26 1376 (N.D. Ga. 2005) ("potential plaintiffs must be deterred from bringing frivolous and baseless suits"); *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001) ("This case

27 presented a straightforward copyright infringement claim that was objectively unreasonable. . . . Failing to award attorneys' fees to defendants in such situations would invite others to bring

28 similarly unreasonable actions without fear of any consequences.").

Mitchell
Silberberg &
Knupp LLP

20414429.1                                                          13               CASE NO. 5:23-CV-03438-PCP
_____
                    DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505

infringement and furthers the purpose of 'enriching the general public through access to creative works'") (quoting *Fogerty*, 510 U.S. at 527).

Netflix should be awarded attorney's fees to compensate its defense against this meritless, improperly motivated lawsuit, to deter such conduct by future litigants, and to advance the purposes of the Copyright Act.

### III.   NETFLIX'S REQUEST FOR $254,942.98 IN ATTORNEY'S FEES IS REASONABLE

Netflix seeks only $254,942.98 in attorney's fees for litigation of this case through to judgment, which is less than half of the lodestar amount. A "reasonable attorney's fee" is generally determined based on the "lodestar" calculation of "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (civil rights action). The lodestar figure is presumptively reasonable, but may be adjusted based on the factors outlined in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975),[7] to the extent these factors are not already subsumed by the lodestar calculation.[8] *Morales*, 96 F.3d at 363-64.

Netflix has submitted true and correct copies of its counsel's billing records for fees sought to be recovered via this motion, consisting of a summary of the time spent by each person and the specific tasks that they were required to undertake to defend this action between June 25, 2023 and November 22, 2024, the date of judgment. Berkley Decl., ¶¶ 4-27 & Ex. 2.[9]  Over the course of this

---

[7] The twelve *Kerr* factors are: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr*, 526 F.2d at 70.

[8] The *Kerr* factors subsumed by the lodestar include: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . (4) the results obtained, . . . and (5) the contingent nature of the fee agreement." *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996), *amended on other grounds*, 108 F.3d 981 (9th Cir. 1997) (civil rights case) (internal citations and quotation marks omitted).

[9] Protected attorney work product, and irrelevant and sensitive information such as bank account numbers, were redacted from these records. Should the Court wish to review the unredacted

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505**

action, Plaintiffs' conduct caused Netflix's counsel to spend over 750 hours of time, leading to more than $516,000 in fees. *Id.,* ¶ 17. However, by this motion, as a starting point Netflix seeks recovery as to only approximately 682.4 of those hours, including in connection with the following tasks:

- reviewing and analyzing Plaintiffs' Complaint;
- conducting legal research and analysis, including research and analysis into the copyright laws and relevant case decisions of eleven different foreign countries;
- preparing removal papers;
- preparing the opposition to the motion to remand;
- preparing the supplemental brief in opposition to the motion to remand;
- preparing for and participating in the oral argument on the motion for remand
- preparing the Motion to Dismiss and reply papers based on Plaintiffs' failure to state a claim;
- preparing for and attending hearing and oral argument on the Motion to Dismiss;

Berkley Decl., ¶¶ 17-20; *see also id.*, Ex. 2.

Courts determine the reasonableness of the rate for attorney's fees based on the rates for similar services by attorneys of similar experience in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The relevant community includes 'attorneys practicing in the forum district'—that is, the district in which the court sits." *Bernal*, 2010 WL 6397561, at *6 (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)). Here, the regular hourly rates of the attorneys who primarily worked on this matter ranged from $530 to $1,050 over the relevant time period. These regular hourly rates are competitive with (if not lower than) the prevailing market rates in Los Angeles and San Jose for attorneys practicing intellectual property litigation of similar experience, skill, and reputation. *See* Berkley Decl., ¶¶ 21-24.

---

records, or the multiple client invoices reflecting them, Netflix will submit them for *in camera* inspection. *See Mattel, Inc.*, 705 F.3d at 1111 (appropriate for the prevailing party to redact copies of submitted legal invoices for attorney work product); Civil L.R. 54-5(b)(2).

Mitchell
Silberberg &
Knupp LLP

20414429.1

The lodestar amount based on the actual number of hours that Netflix's counsel reasonably spent, using the average billing rates for partners and associates in these markets, is approximately $585,340.00. Berkley Decl., ¶ 24. However, in this Motion, Netflix is principally seeking the recovery of *$254,942.98* in attorney's fees, which (1) is based on significantly reduced hourly rates; and (2) represents *60%* of the time that Netflix's attorneys actually and reasonably spent in connection with a narrowed set of pre-judgment billing entries for this litigation. *Id.*, ¶¶ 5, 17-18, 23. It further does not include the compensable time spent to prepare this Motion.[10]

Reasonable expenses are those that "would normally be charged to a fee paying client." *Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) (ERISA case). Consistently, under Section 505, the billing rate actually charged to the client, though relevant, does not place "a ceiling on the amount the prevailing party can recover through a fee award under Section 505, especially in light of the district courts' broad discretion in awarding fees." *Crescent Publ'g Group, Inc. v. Playboy Enters.*, 246 F.3d 142, 149, 151 (2d Cir. 2001).[11] Nevertheless, here, Netflix seeks recovery of fees based on rates that averaged fifteen percent lower than the regular hourly rates of their counsel, which makes the requested amount even more reasonable. *See* Berkley Decl., ¶¶ 22-23.

Based on these significantly reduced rates, for the entries on which recovery is sought, Netflix was billed legal fees in the amount of $424,904.97 for work conducted from June 25, 2023 through November 22, 2024. Berkley Decl., ¶¶ 5-6, 17-18 & Ex. 2 (billing records). This does ***not*** include the work conducted between November 2024 and early January 2025 to prepare this Motion. In short, the requested amount of $254,942.98 represents well under half the time that Netflix's counsel actually spent litigating this matter, at the reduced rates, which is eminently

---

[10] Because Plaintiffs' Rule 59/60 motion has not yet been fully briefed or argued, and Netflix's opposition to it is being filed today, Netflix intends to file a supplemental declaration to request the Court additionally award 100% of the attorney's fees reasonably incurred opposing that motion.

[11] *See also JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 921 (7th Cir. 2007) (amount of contingency fee that a client agreed to pay to counsel is not a cap on amount of fee award under Section 505 (citing, *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) (civil rights action; same))); *AF Holdings LLC v. Navasca*, 2013 WL 3815677, at *4 (N.D. Cal. July 22, 2013) (granting motion for attorney's fees under Section 505 based on lodestar and finding "the rates reasonable (even if not the actual billing rates [which were reduced]) given the experience and skill of counsel").

1    reasonable. *See id.,* ¶¶ 17, 20, 23; *Diplomatic Man, Inc. v. Nike, Inc*., 2009 WL 935674, at *5

2    (S.D.N.Y. Apr. 6, 2009) (awarding full amount of "accrued attorneys' fees" of $311,072.50 to

3    defendant Nike under Section 505 in an action dismissed for failure to prosecute because "[u]pon a

4    review of the fees charged by Nike's counsel, they appear roughly reasonable . . . for a case without

5    much action").

6         Netflix should be awarded this reasonable amount of fees, which is appropriate to deter

7    future unreasonable and frivolous lawsuits alleging claims requiring construction of the Copyright

8    Act that are improperly motivated and clearly barred under the doctrine of claim preclusion.

9                                      **CONCLUSION**

10        Plaintiffs' claims in this case were manifestly unreasonable and frivolous, and were based

11    in brazen forum shopping to seek a tactical advantage after the dismissal of the Oklahoma Action

12    based on nearly identical facts. Plaintiffs nonetheless persisted in asserting these baseless claims,

13    requiring Netflix to incur over $424,000 in attorney's fees even on the reduced set of time entries

14    forming the basis of this Motion. For the reasons discussed above, Netflix respectfully requests that

15    the Court grant its Motion and award it attorney's fees in the amount of $254,942.98.  Additionally,

16    Netflix further respectfully requests that the Court award 100% of the attorneys' fees reasonably

17    incurred opposing Plaintiffs' recently filed motion under Fed. R. Civ. P. 59(e) and 60(b)(4), subject

18    to the filing of a supplemental declaration at an appropriate later date.

19    DATED: January 3, 2025                    RESPECTFULLY SUBMITTED,

20
                                               By: /s/ Robert H. Rotstein
21                                             Robert H. Rotstein
                                               Emily F. Evitt
22                                             James D. Berkley

23                                             MITCHELL SILBERBERG & KNUPP LLP
24                                             Attorneys for Defendant Netflix, Inc.

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

20414429.1

17    CASE NO. 5:23-CV-03438-PCP
**DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. §505**